# Floyd *v*. The State.

### Indictment for Murder.

1. *Grand juries at special terms.*—Under the provisions of the act approved February 13, 1875, "to provide for holding special terms of the Circuit Court" (Sess. Acts 1874-5, pp. 201-2), that court has the same power to organize a grand jury at a special term as at a regular term.

2. *Special venire for trial of capital case.*—The statute which requires that the special *venire* in a capital case shall include "those *summoned* on the regular juries for the week" (Rev. Code, § 4173), is shown by a subsequent section (4177) to mean the regular jurors who are "*in attendance,*" and not to include those who, though summoned as regular jurors, were excused or discharged when the regular juries were organized.

3. *Objection to venire, on account of mistake in name of juror.*—A mistake in writing the surname of one of the jurors specially summoned for the trial of a capital case, in the list served on the prisoner, is no ground for quashing the *venire*, although, excluding the name of that juror, the number specially summoned is less than fifty (Rev. Code, § 4173): the name may be discarded (§ 4175), and another juror summoned.

FROM the Circuit Court of Geneva.

Tried before the Hon. JAS. E. COBB.

The indictment in this case was found at a special term of said court, held on the 19th day of July, 1875, pursuant to an order made and published by Hon. H. D. CLAYTON, the presiding judge of the circuit; and charged the defendant with the murder of Aaron Miller. "At the regular March term, 1876," as the bill of exceptions recites, "the defendant having been arraigned on a former day of the term, and having pleaded not guilty, the cause came on to be heard, and the following proceedings were had: The defendant moved to quash the *venire,* because the names of all those persons who had been summoned by the sheriff to appear at this term as regular jurors did not appear on said *venire,* nor on the list served on the prisoner; and proposed to prove, in support of his motion, that on the first day of the term, when the court was organizing the juries, and when the sheriff called the list of those summoned as petit jurors, twenty-eight persons answered to the call; that the court, after

selecting and impanneling two juries of twelve men each, as
the law requires, did not swear any others, nor retain them,
but remarked that no more would be needed, and that the
others might consider themselves discharged; that this
defendant did not consent nor object to this action of the
court; and that the four men who were not selected nor
sworn were not then present, and had not been specially
summoned for this cause, and had not been otherwise sum-
moned as regular petit jurors. The court overruled the
motion to quash, and the defendant excepted. 'As the draw-
ing of the jury proceeded, the name *Atkinson* was drawn;
and the defendant again moved to quash the *venire,* because
the person who appeared and answered to said name, and
who had been summoned by the sheriff, was named *Adkison,*
and not *Atkinson;* which motion the court overruled, and the
defendant excepted. The court then proposed to the de-
fendant, that he might have the opportunity or not, at his
election, to take said Adkison. The defendant refused to
say whether he wished the said Adkison put on him, or not;
but, when the court offered said Adkison to him, objected to
receiving him, or passing on him. Because of this objection
by the defendant, the court caused said *Adkison* to stand
aside, and the name of *Atkinson* to be discarded, and another
to be forthwith summoned to supply his place; which was
done. To this action of the court the defendant excepted."

W. D. ROBERTS, for the defendant. The statute impera-
tively requires, that all the regular jurors "*summoned for the
week*" shall be included in the special *venire* summoned for
the trial of a capital case.—Rev. ·Code, § 4173. And the
same statute requires that the special *venire* shall consist of
"not less than *fifty* persons;" while the record shows that,
excluding the name of Atkinson, or Adkison, not fifty persons
were summoned. Again, the indictment is void, because
found at a term not authorized by law. *Davis v. The State,*
46 Ala. 80; *Overstreet v. The State,* 46 Ala. 30; *Garlick v.
Dunn, executor,* 42 Ala. 404.

JNO. W. A. SANFORD, Attorney-General, for the State, cited
Session Acts 1874–5, p. 201; *Fields v. The State,* 52 Ala. 349;
Rev. Code, § 4177; *Hall v. The State,* 40 Ala. 698; *Bill v.
The State,* 29 Ala. 34; *Birdsong v. The State,* 47 Ala. 68;
*Wesley v. The State,* 52 Ala. 182.

MANNING, J.—The special term of Geneva Circuit Court,
at which the indictment in this cause was found, was held in
pursuance of the "act to provide for holding special terms

of the Circuit Court," approved February 13, 1875. By it, are given the same power, jurisdiction and authority, at a special term, "to organize a grand jury, and to try and dispose of all causes that may come before said court, both civil and criminal, and to do and perform all the business of such court, as at a regular term of such court." The objection raised to the finding of the indictment at a special term of the court, or at a term not authorized by law, is not sustained. The indictment is in the form prescribed by the Revised Code, and is, therefore, sufficient.

2. Section 4173 of the Revised Code requires, for the trial upon indictments charging a capital offense, that an order be made, "commanding the sheriff to summon not less than fifty, nor more than one hundred persons, including those *summoned on the regular juries* for the week," from which to constitute a jury to try the accused. Persons who were summoned for regular jurors, but did not appear, or who, appearing, were for some cause excused, or who, because the regular juries for the week were completed before their names were drawn out, were discharged, and departed from the court, although "summoned," cannot be said to be *"on* the regular juries for the week." The expression used in the statute is ambiguous and incorrect. What is meant by it, is shown by section 4177 : "On the trial of a person charged with a capital offense, the names of the jurors summoned for his trial, *as well as the names of the regular jurors* in attendance, must be written on slips of paper, folded or rolled up, placed in a box, or some substitute therefor, and shaken together; and such officer as may be designated by the court must, in his presence, draw out the slips, one by one, until the jury is completed," &c. Evidently, therefore, it was "the regular jurors" who were "on the regular juries for the week," and not those who had been summoned to compose them and excused, that were to be included in the fifty or more persons, from which a jury to try the accused was to be constituted. And even this direction, that the regular jurors be included in the list, is not founded on any idea of benefit to the accused, but of convenience to both the sheriff and citizens; which would be consulted, by having the jury co mposed, as largely as a due regard to the attainment of impartial justice would allow, of the jurors who were already in court, and held there for the transaction of its business. It could not be assumed that these persons would be any more favorably disposed toward the accused, than any like number of other citizens would be. The objection of prisoner's counsel to the omission from the list served on his client, of the names of those who had been summoned to

[Raisler v. The State.]

compose the regular juries, but were not serving on them, is, therefore, disallowed.

3. The only other question in this cause relates to an error in writing, in the list served upon the prisoner, the name of one of the persons summoned—"Atkinson," instead of *Adkison*. In respect to such a case, the statutes make express provision; and in compliance with section 4175 of the Revised Code, the name of this person was taken out of the box, and another person summoned, whose name was substituted in its place.

The judgment of the Circuit Court must be affirmed.

