[Finley v. The State.]

# Finley *v.* The State.

### *Indictment for Assault with Intent to Murder.*

1. *Error; when not cured or waived.*—There is no statute of this State applicable to criminal proceedings, which after judgment and verdict cures errors not previously objected to ; on the contrary, our statute provides, on appeal or writ of error, that no assignment of error is necessary, but the court must render such judgment on the record as the law demands ; and under the uniform practice of this court, whatever would have been good ground of motion in arrest of judgment in the court below, though not noticed there, will compel reversal here.

2. *Grand jury; objection to organization of, when may be raised for first time in appellate court.*—Our statutes specifically prescribe the mode of organizing grand juries ; and whenever the records of a court affirmatively disclose that a body of men has been organized as a grand jury in violation of these statutes, all the acts of such body must be held void ; and no laches of the accused will cure the irregularity.

3. *Grand jury, organization of; what illegal.*—The statute specifically defining how a deficiency in the panel of grand jurors shall be filled, and by whom this must be done, and what order the court must make, any order which confines the sheriff in summoning grand jurors to a portion only of the persons from whom the statute declares such jurors shall be drawn, or the effect of which, directly or indirectly, is the assumption of the duties required of him,—as where upon deficiency in the panel, "by order of the court a sufficient number of names, to complete the grand jury, from the by-standers in the court-room, were placed upon slips and regularly drawn," and the jury thus completed—is illegal ; and the body of men thus organized, does not become a lawful grand jury.

4. *Jeopardy; when does not arise.*—An indictment found by such a body of men being of no legal validity, no jeopardy arises on a trial under it.

APPEAL from Dallas Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

The appellant, Isaac Finley, was indicted for an assault with intent to murder one Westbrooks. The jury found the defendant guilty of an assault with a weapon, and assessed a fine, and judgment was rendered accordingly.

The record discloses that a regular *venire* was duly issued by the clerk to the sheriff, commanding him to summon eighteen persons to serve as grand jurors. The *venire* was duly executed and returned into court, but only ten of the persons summoned appeared to answer to their names, and three of them were excused by the court. The minute-entry then recites : "By order of the court a sufficient number of names to complete the grand jury, from the by-standers present in the court, were placed upon slips and regularly drawn, and the grand jury stood as follows."

[Finley v. The State.]

Numerous exceptions were reserved during the trial to rulings upon evidence, and to the giving and refusing of charges; none of which are at all material in the view which this court took of the case.

It is now assigned for error, among other things, that the court erred in the formation of the grand jury, and that it had no authority to order the grand jury to be completed from the by-standers present in court.

W. R. NELSON, for appellant.—We do not question that the court had power to complete the grand jury because of the deficiency; but the manner of doing this is *prescribed by statute*, and the court did not follow *the plain reading of the law*.

The statute on this subject says, "if fifteen persons duly qualified to serve as grand jurors do not appear; or if the number of those who do not appear is reduced below fifteen by reason of discharges, or excuses allowed by the court, or by any other cause, the court must *cause an order* to be *entered upon the minutes*, commanding *the sheriff* to summon from the *qualified citizens* of *the county twice the number of persons required* to *complete the grand jury;* which order the sheriff must forthwith execute, and the persons summoned by him are bound to appear presently," &c. This mandate of the law was not followed by the court, but it *improvised* a mode of its own, and "by order of the court a *sufficient number of names to complete the grand jury from the by-standers present in the court-room were placed upon slips* and regularly drawn."

The court, it seems, declined to pursue the plan laid down in the statute—declined to make an order and have it *entered upon the minutes*, commanding the sheriff to summon *from the qualified voters of the county*, twice the number of persons required to complete the grand jury.

This illegality *affirmatively appears from the record*. From the record it seems the court *took upon itself* the *duty of selecting* the grand jury, for the record is silent as to any *order given the sheriff* or *other officer of the court* to summon men to complete the grand jury; it would then appear that the court *made the selection* of the persons whose names should be placed upon slips and drawn.

Our statutes never contemplated that any court should thus select a grand jury, but it provided that this should be done by the executive officer of the county, to-wit, the sheriff,. and it is very minute as to how this shall be done.

[Finley v. The State.]

" The *court has no power. to originate* a grand jury, unless the officers charged with the duty of selecting, drawing and summoning such jury have neglected to perform their duties, and no grand jury is returned to serve at the term of the court."—*O'Byrnes v. The State,* 51 Ala. p 27.

It does not appear from the record that the " officer charged with the duty " refused or neglected to perform his duty.

We insist that this record discloses, that although this grand jury was *congregated by order of the court,* yet it was not done in accordance with law, and is not shown to have been selected by an *authorized* person, to-wit, the sheriff of the county, nor were the persons selected taken from " the *qualified citizens* of the county.—*O'Byrnes v. The State,* 51 Ala. pp. 28,.29.

The illegality in the formation of [this grand jury appears affirmatively from the record, and consequently this court is bound to notice it, whether presented to the court below or not.—*O'Byrnes v. The State,* 51 Ala. p. 29 ; *Miller v. The State,* 33 Miss. 356 ; *Harrington v. The State,* 36 Ala. 236.

H. C. TOMPKINS, Attorney-General, *contra.*—Section 4754 of the Code provides how a deficiency in the number of grand jurors shall be supplied. It provides that the court shall command the sheriff to summon from the qualified citizens of the county the requisite number. The order in this case was, that they be summoned from the by-standers in the court-room. There is nothing in the law which would require the court to order the sheriff to go outside the court-room, if a sufficient number possessing the requisite qualifications can be obtained, without doing so. Besides, section 4759 declares that the provisions of the law in relation to summoning jurors are merely directory, and section 4889 provides that no objection can be taken by plea in abatement or otherwise, on the ground that the grand jury was not legally drawn or summoned, or on any other ground going to the formation of the grand jury. The action of the court at most was merely irregular, not void.—*Battle v. State,* 54 Ala. 93 ; 55 Ala. 183.

BRICKELL, C. J.—The practice in criminal cases, which has been observed in this State, from an early day, and sanc-tioned by repeated decisions of this court, is, that a defect in the indictment which would have been fatal on demurrer,. or error in the record of the proceedings, which would have

[Finley v. The State.]

·been good ground in arrest of judgment, if that had been moved for in the primary court, will on appeal, or writ of error, compel a reversal of a judgment of conviction. The statute authorizes an amendment of an indictment, but only by consent of the defendant, entered of record. We have no statute applicable to criminal proceedings, which after verdict and judgment, cures errors not previously made the ground of objection. On the contrary, the statute is imperative, that on an appeal, or writ of error, prosecuted from a judgment of conviction, "no assignment of errors, nor joinder in error is necessary; but the court must render such judgment on the record as the law demands."—Code of 1876, § 4990.

A motion in arrest of judgment is not confined to the indictment alone. That may be sufficient, averring with certainty, the commission by the accused of the particular indictable offense imputed to him; and yet it may appear from other parts of the record, that irregularity, or illegality has intervened, which vitiates the judgment.

An indictment is defined by Mr. Bishop as "a written accusation, presented on oath by at least twelve of a grand jury, charging a person named therein with a crime which it specially defines, and returned by the grand jury into court, where it becomes matter of record."—1 Bish. Cr. P. § 141. The statutory definition, when taken in connection with the provision, that twelve of the grand jury must concur in its finding, is substantially the same: "An indictment is an accusation in writing, presented by the grand jury of the county, charging a person with an indictable offense."—Code of 1876, § 4782. An indictment proceeds entirely from the grand jury—it is the result of their deliberations on the evidence produced before them. The court has no agency, in causing the finding of an indictment, and can exercise properly no influence, beyond charging the grand jury when impanneled, as to the duties they are required to perform, or advising them on their request subsequently, as to any matter of law.

While the grand jury is a constituent of a court of criminal jurisdiction, they are a distinct, independent body, and must so deliberate and act, free from influence, fear, favor, affection, reward, or the hope thereof, proceeding from or without the court. They are selected and drawn by a body of officers appointed by the statute; and not under any order or process made or issuing under the authority of the court. When selected and drawn, the clerk of the court, (who is one of the officers charged with the duties of selecting and

drawing), issues a *venire*, directed to the sheriff, commanding him to summon the persons so drawn, to appear at the succeeding term of the court, and serve in the capacity of grand jurors.    The names of eighteen persons must be drawn, and the *venire* must correspond to the drawing; it is returned into, and becomes a part of the record of the court.—Code of 1876, § 4744.   " If fifteen persons duly qualified to serve as grand jurors do not appear, or if the number of those who appear is reduced below fifteen by reason of discharges or excuses allowed by the court, or by any other cause, the court must cause an order to be entered on the minutes, commanding the sheriff to summon from the qualified citizens of the county, twice the number of persons required to complete the grand jury; which order the sheriff must forthwith execute, and the persons summoned by him, are bound to appear presently, and if necessary to serve as grand jurors, under the same penalties as if they had been regularly drawn and summoned on the original list of grand jurors for the term; and of the persons so summoned, if a greater number appear than are necessary to complete the grand jury, the names must be written on separate slips of paper, which must be folded or rolled up, so that the same may not be visible, placed in a box or substitute therefor, and from them must be drawn under the direction of the court, a sufficient number of names to complete the grand jury."—Code of 1876, § 4754.

An accusation of a criminal offense, not the finding and presentment of a grand jury, is not an indictment, and confers on a court no jurisdiction to put the accused on a trial before a petit jury.    A verdict and judgment pronounced on such an accusation are absolutely void.    The Circuit Court is a court of superior jurisdiction; and it may be, if its records are silent, or general in their recitals, as to the organization of a grand jury, that the presumption of regularity and legality will be indulged to support its judgments.    But if its records affirmatively disclose, that a body of men has been organized as a grand jury, in violation of the statutes which prescribe the mode of organizing such a jury, clothed with the power of making presentments which operate as criminal accusations against the citizen, all the acts of that body must be pronounced void—no solicitation, or laches, on the part of the accused can cure the illegality.    It would be ground of motion in arrest of judgment—and if no such motion is made, of assignment of error in an appellate tribunal; and if not assigned, it is of that class of errors this court.

[Finley v. The State.]

must notice in obedience to the statute, and "render such judgment on the record as the law demands."—*O'Byrne v. State*, 51 Ala. 25.

The present record discloses that a *venire* was regularly issued by the clerk of the court directed to the sheriff of the county, commanding him to summon eighteen persons whose names, places of residence, and respective occupations are stated, to serve as grand jurors. The *venire* was returned into court, but only ten of these persons appeared—three of whom were excused. The record proceeds: "By order of the court a sufficient number of names to complete the grand jury from the by-standers in the court-room was placed upon slips and regularly drawn, and the grand jury stood as follows:" (reciting the names of seventeen persons).

It is apparent the court did not exercise, and did not intend to exercise the power the statute confers, of supplying deficiencies in the panel of grand jurors. The order the statute required the court to make, was a direction and mandate to the sheriff; and in the execution of the order, the statute is imperative; the sheriff must summon, not from any designated or limited class of persons—not from the by-standers who are in, or near to the court-room, but from the *qualified citizens of the county.* Without the agency of the sheriff, but in exclusion of it, the court orders a *sufficient number of names to complete the grand jury from the by-standers in the court-room,* to be placed upon slips and drawn. The statute imposes on the sheriff the duty and responsibility of summoning the persons, from whom a sufficient number to complete the grand jury are to be drawn, and the court could not exclude him from the performance of the duty, or transfer it to another, or assume to perform it. Nor could the court limit the summoning to the *by-standers in the court-room.* The statute defines the power of the court, and the exercise of any other power is unnecessary and unwarranted. Unnecessary, because before administering the oath to grand, or petit jurors, it is the duty of the court to examine them in reference to their qualifications—to ascertain whether they "are competent to discharge. the duties of grand and petit jurors with honesty, impartiality, and intelligence, and are esteemed in the community for their integrity, fair character, and sound judgment."—Code of 1876, § 4760. If there is reason to apprehend, that the sheriff in violation of his official oath and duty, would introduce into the jury box, persons wanting in these qualifications, or any one of them, the preventive must be found in a vigilant and discreet

[Finley v. The State.]

examination of the persons summoned. If that will not avail, it is the only preventive the statutes have provided, and legislative aid must be invoked to supply any other. The court can not devise another—can not intervene and transfer from the sheriff the duty and responsibility the statute imposes.

If the court was correct in limiting the summoning *to the by-standers in the court-room,* it has an unlimited power in this respect, and would then have unlimited power and influence in the selection of the persons who were to fill deficiencies in the panel, and to serve in the capacity of grand jurors. With equal propriety, the court could have designated the particular by-standers from whom the deficiencies were to be supplied. The exercise of such a power by the court, would be in violation of the spirit of all our legislation, and would convert the grand jury from a distinct, independent body, drawn and summoned by officers specially charged with that duty, into a mere dependency of the court, chosen by its absolute will. The practical results of such a power, are too apparent to require discussion or statement. There is no reason for imputing to the court in this instance, more than *mere error;* but the power exercised, in the hands of a capricious, or an unscrupulous judge, would destroy the purity and independence of the grand jury, and pervert it from all the purposes of its institution.—*O'Byrnes v. State, supra; Portis v. State,* 23 Miss. 578; *Keitter v. State,* 4 Iowa, 291. The record affirmatively disclosing that this accusation is not an indictment—that it proceeds from, and is the act of a body of men, organized as a grand jury in violation of law—it follows the judgment of conviction must be reversed. It is proper to add, however, that the appellant has not been in jeopardy, and this judgment will not be a bar to a legal prosecution, if he is guilty of the offense charged. Under the influence of the statute, (Code of 1876, § 4819,) the cause will be remanded, that the accusation may be quashed; the prisoner must remain in custody, until discharged by due course of law.