# Oliver *v.* The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Statutory provisions as to formation of grand juries.*—The special statute approved December 19th, 1876, entitled "An act to secure more effectually competent and well-qualified jurors in the counties of Montgomery, Lowndes, Autauga, Dallas, Perry and Bullock" (Sess. Acts 1876-7, p. 190), supplants and repeals, in the counties named, "most or all of the provisions of the Code of 1876" relating to the same subject, "beginning with section 4732, and ending with section 4759."

2. *Objection to indictment, on account of incompetency of grand jurors.*—In the completion of a grand jury by adding talesmen, if the order of the court directs the talesmen to be summoned from an improper class of persons, the error is fatal to any indictment found by the grand jury so formed; but, when the order of the court is correct, if an incompetent person is summoned by the sheriff, and is accepted and serves, the irregularity is not available·in defense of an indictment found by the grand jury.

Error to the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The indictment in this case charged the defendant with carrying a pistol concealed about his person, and was found at the May term of the court, 1881. The defendant filed a plea in abatement, averring "that the grand jury which found and preferred said indictment was not drawn by the persons, and in the manner provided and required by law, in this: that John L. Folmar, who was a member of said grand jury, and was summoned by the sheriff as a tales juror to complete the said grand jury, was not a householder or freeholder in said county of Lowndes for the last twelve months before the organization of said grand jury; and that said Folmar did not possess the legal qualifications of a juror, as declared in the act of the General Assembly, approved the 19th December, 1876, entitled 'An act to secure more effectually competent and well-qualified jurors in the counties of Montgomery, Lowndes, Autauga, Dallas, Perry and Bullock,' and was duly ascertained by the jury commissioners, appointed under the said act to draw and select jurors for the county of Lowndes,

to be disqualified to serve as a juror, to-wit, on the first Mon-
day in January, 1881; and he further avers that the name of
said John L. Folmar was not on the list of qualified jurors
selected by said commissioners, and by them filed with the
probate judge of said county on said first Monday in Janu-
ary, 1881, and was not drawn in the presence of said jury
commissioners, nor by them, but was by them, on said day,
rejected as a juror; and he jurther avers that said grand
jury, when completed, consisted of only fifteen men, includ-
ing said John L. Folmar. And this he is ready to verify," &c.
The court sustained a demurrer to this plea, and its judg-
ment on the demurrer is now assigned as error.

CLOPTON & GRIFFIN, and JOHN ENOCHS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The act " to secure more effectually compe-
tent and well-qualified jurors in the counties of Montgomery,
Lowndes, Autauga, Dallas, Perry and Bullock," approved
December 19th, 1876 (Pamph. Acts, 190), we think must be
construed as supplanting, in the counties named, all the pro-
visions in the Code of 1876 relating to the matters provided
for in the said statute, and furnishing different rules and
methods for the service therein provided for. This covers
most or all of the provisions of the Code of 1876, beginning
with section 4732, and ending with section 4759. We say it
supplants section 4759, because the act of December, 1876,
contains no provision corresponding to that section of the
Code.

The question in the present case, however, does not arise
out of the drawing of grand jurors to serve at a term of the
court. The regularity of that service is not questioned. It
is in the summoning and selecting of talesmen to complete
the grand jury, the irregularity is alleged to have occurred.
Under our rulings, section 4759 of the Code of 1776 does not
apply to the summoning and selection of such tales-jurors.
*Finley v. The State*, 61 Ala. 201; *Cross v. The State*, 63 Ala.
40; *Scott v. The State*, Ib. 59; *Couch v. The State*, Ib. 163.
As to such supplementary jurors, we have held, that an
erroneous direction by the court, as to the class of persons
the sheriff, in summoning, should select from, would be fatal
to any indictment found by a grand jury thus organized. If,
however, the sheriff, without being directed by the court,
himself erred in summoning a juror who did not possess the
requisite qualifications, and the person thus summoned is ac-
cepted and serves, there is no mode of making this irregu-

[Allen, Bethune & Co. v. Maury & Co.]

larity available in defense of an indictment found by a grand jury thus organized.—*Brooks' case*, 9 Ala. 9.

We have stated above the extent to which the general law is repealed or supplanted by the act approved December 19th, 1876. It does not repeal or supplant section 4889 of the Code of 1876. While it was manifestly the duty of the sheriff, and of the court, in organizing the grand jury, to see that the persons composing the body should possess the requisite qualifications under said act, yet a failure to do so, in summoning and selecting tales-jurors, can not be made ground of plea or defense under section 4889.

The judgment is affirmed.