# Posey *v.* The State.

*Indictment for Abuse of Female under ten Years of Age in Attempt to have Carnal Knowledge of her.*

1. *Summoning jury for trial of capital felony; provisions of statute mandatory.*—Section 4874 of the Code of 1876, providing for the summoning of persons from whom a jury must be elected, impaneled and sworn for the trial of a capital felony, imposes a duty on the court, and is mandatory; and if there is not a compliance with the provisions of the statute, error results, which will, on appeal or writ of error, reverse a judgment of conviction.

2. *Same; proper practice when order for jury and trial occur in same week.*—When the order for summoning a jury to try a capital felony sets a day for the trial which falls within the week in which the order is made, the proper practice is to put on the list ordered to be summoned only the names of such of the drawn and summoned jurors for the week as are, when the order is made, in attendance on the court, leaving off such as were summoned and do not attend; and such as have been excused, and all talesmen summoned to supply their places.

3. *Same; when order for, a reversible error.*—Where the day fixed for the trial of a capital felony, and the order for summoning a jury therefor fell in the same week of the term of a court which continued longer than one week, and the order directed the sheriff to "summon one hundred jurors, *including the regular venire*, to serve as jurors in said trial,"

*held*, that the word *venire*, as thus used, meant the order the clerk was required to issue for summoning petit jurors, under section 4744 of the Code, and that thereby the sheriff was commanded to place on his list the entire body of names set forth in the venire, whether summoned or not, and not merely those of the regular jurors who had been summoned, as contemplated by the statute; and hence, that error was clearly shown, which, in the absence of facts, appearing of record, clearly repelling the presumption of injury, would operate a reversal of the judgment of conviction.

4. *Application for change of venue; refusal of, can not be reviewed by this court.*—An order of the primary court refusing an application for a change of venue in a criminal case, can not be reviewed by this court on appeal or writ of error.

WRIT OF ERROR to Jefferson Circuit Court.

Tried before Hon. SAM'L. H. SPROTT.

The indictment in this cause charged that Wesley Posey, the defendant in the court below, had carnal knowledge of a designated female, under the age of ten years, or did abuse said female 'in the attempt to have carnal knowledge of her. On the trial he was convicted and sentenced to be hung; and to reverse the judgment of conviction, he applied for, and obtained a writ of error. The facts disclosed by the record, necessary to an understanding of the points decided by the court, are sufficiently stated in the opinion.

M. T. PORTER, R. W. COBB, and R. H. PEARSON, for plaintiff in error.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The fall term, 1883, of the Circuit Court of Jefferson County was commenced on the 19th day of November, that being the 12th Monday after the 4th Monday in August—the time appointed by the statute for the holding of that court.—Sess. Acts of 1882–3, p. 42. · That court continues its sessions until the business is disposed of. At that term it remained in session four weeks, and until December 15th, as shown by the certificate of the clerk. The indictment, on which the accused was tried, was filed in the clerk's office, December 4th, which was Tuesday of the third week. The prisoner was arraigned and pleaded not guilty, but the record does not inform us on what day this took place. The affidavit for change of venue states the arraignment was on Wednesday, the 5th, and we suppose that is correct. Friday, the 7th, was set for the trial, and it came off on that day.

Our statutes—Code of 1876, §§ from 4732 to 4758 inclusive—relate to the selecting, drawing, summoning and empaneling of juries, grand and petit. Section 4759 enacts that the provisions of this article, with a single exception not material in this

[Posey v. The State.]

cause, "in relation to the selection, drawing and summoning of jurors, are merely directory; and juries selected, drawn and summoned, whether at an earlier or later day, must be deemed legal." Mark the language. To come within this healing statute, the duty or function provided for must relate to the "selection, drawing and summoning of jurors." These functions are all preparatory, and none of them are performed in the trial court. The presiding judge does not participate in them. The first two of the duties are performed by the probate judge, sheriff, and clerk of the circuit or city court, or any two, or a majority of them. The sheriff alone performs the last. All are in their nature ministerial; and the special duties cast on the probate judge in reference to this service are clerical. All these duties come under the influence of section 4759 of the Code. But in the organization, in court, of a jury for the trial of causes—particularly for the trial of capital felonies—many proceedings must be had, and orders made, which require the action of the court itself. Among these judicial duties, which can be performed alone by the court, is the order to summon jurors for the trial of capital felonies. the order to summon talesmen to complete a defective panel, and many others. The statutory commands which declare these judicial duties are not directory. They are mandatory on the court, and must be obeyed as they are expressed. And we have many times ruled if they be not obeyed, this is an error for which we will reverse a judgment of conviction. *Finley v. The State*, 61 Ala. 201; *Cross v. The State*, 63 Ala. 40; *Scott v. The State, Ib.* 59; *Phillips v. The State*, 68 Ala. 469; *Oliver v. The State*, 66 Ala. 8; *Spicer v. The State*, 69 Ala. 159.

Section 4874 of the Code of 1876 provides for the summoning of persons, from whom a jury must be elected, empaneled and sworn for the trial of a capital felony. It will be observed this section is not placed in the article—Art. 1, Chap. 7, Title 3, Part 5—certain provisions of which are declared directory. This section is mandatory, and imposes a duty on the court, not on any ministerial officer. Its language is, "The court must make an order, commanding the sheriff to summon not less than fifty, nor more than one hundred persons, including those summoned on the regular juries for the week or term, when the term does not exceed one week." The term of the Jefferson Circuit Court did exceed one week, and hence, the duty was, that the persons ordered to be summoned should include "those summoned on the regular juries for the week." This means those persons summoned on the regular juries for the week, in which the trial is ordered to take place. Under our statutes, when the term of the court continues longer than one

week, a separate list of petit jurors is drawn and summoned for each week of the term.

When the order sets a day for the trial, as it often does, which falls within the week in which the order is made, a difficulty is sometimes encountered. All the jurors summoned may not, and frequently do not attend, and of those who attend, some may be excused. The practice is to put on the list ordered to be summoned, only the names of such of the drawn and summoned jurors for the week, as are, when the order is made, in attendance on the court. This leaves off such as were summoned and do not attend, such as have been excused, and all talesmen summoned to supply their places. We hold this to be the correct practice.—*Shelton v. The State*, [*ante*, p. 5]; *Floyd v. The State*, 55 Ala. 61. Of course, the sheriff is not prohibited to summon on the venire he is required to choose, talesmen who may have been empaneled, to supply deficiencies.

The order made in this case was as follows: "The sheriff is ordered to summon one hundred jurors, including the regular venire, to serve as jurors in said trial."

The word *venire*—Latin—the infinitive of *venio*, to come, is of not very well defined legal meaning. Its popular and practical signification is "a writ directed to the sheriff, commanding him to cause to come from the body of the county, before the court from which it issued, a certain number of qualified citizens who are to act as jurors in the said court."—Bouv. Dict.; Worcester's Dict. According to this definition, it is the *writ*, directed to the sheriff, and not the body of names summoned thereunder, which constitutes the venire. It is sometimes popularly used in the latter sense. It is so used in § 4876 of the Code. There can be no doubt, however, that in the order copied above, the circuit court meant by the term *venire* the order the clerk was required to issue for the summoning of petit jurors, under § 4744 of the Code. This venire contained, say, thirty-six names, and commanded the sheriff to summon them. We can not know they were all summoned by the sheriff. Our experience teaches us they scarcely ever are. But this is immaterial. Enough for us, that the statute allowed only those of the regular juries, who had been summoned, while the order of the court commanded the sheriff to place on his list the entire body of names set forth in the venire, whether summoned or not. Error is thus clearly shown, and it is nowhere shown it did no injury. Injury is presumed from error, unless the presumption is clearly repelled. And if, by the ruling of the court, a juror is put on the defendant the law does not authorize, this is a reversible error.—*Finley v. The State*, 61 Ala. 201.

[Posey v. The State.]

The circumstances attending the trial and conviction of this defendant were of so public a character, that all men must be more or less cognizant of them. The offense charged, if perpetrated, is so harrowing and revolting, as to stir the blood of the coolest and most law-abiding. But the law should prevail, without any reference to the magnitude or brutality of the offense charged. No matter how revolting the accusation, how clear the proof, or how degraded, or even brutal the offender, the Constitution, the law, the very genius of Anglo-American liberty demand a fair and impartial trial. If guilty, let him suffer such penalty as an impartial jury, unawed by outside pressure, may, under the law, inflict upon him. He is a human being, and is entitled to this. Let not an outraged public, or one which deems itself outraged, stain its own hands—stamp on its soul the sin of a great crime—on the false plea, that it is but the avenger of the innocent. When the law punishes, even to the taking away of life, it can not be affirmed that any man did it. It is but the government's method of protecting itself. When man, however, usurps the functions of law and inflicts summary vengeance, he writes himself a criminal, and whether punished or not, he must bear the burden of a conscious crime to his grave. Better, far better, that the greatest offender go unpunished, than that the multitude should itself defy the law, and commit a great crime. Moreover, there is always danger, that an infuriated mob, resolved on blood, may commit fatal mistakes.

We intimate no opinion as to the guilt or innocence of the accused. Black as is the crime with wich he is charged, he may be guilty of it. The law, however, pronounces no one guilty, until, after fair trial according to its forms, he is found and pronounced guilty.

We have no jurisdiction of applications for changes of venue. They must depend on the enlightened intelligence of the trial court. It is nevertheless a right, secured to defendants in criminal prosecutions, to have a fair and impartial trial, and, to this end, to set forth reasons why such trial can not be had, without a change of venue. Of the sufficiency of the reasons shown, the trial court must determine. If it be shown to the reasonable satisfaction of the court, that an impartial trial, and an unbiased verdict can not be reasonably expected, the venue ought to be changed. We find in the record the affidavit which was made in this case, and we fail to perceive wherein it was insufficient. The jury, with their then surroundings, were in no condition to deliberate calmly on the momentous issue they were trying. This we know from public history.—*Ex parte Banks*, 28 Ala. 28.

The judgment of the circuit court is reversed, and the cause

remanded. Let the prisoner remain in custody, until discharged by due course of law.