# Bland *v.* The State.

### *Indictment for Murder.*

1. *Order setting day for trial of capital case; Section 4874 of Code, 1876, construed.*—Construing section 4874 of the Code of 1876, the court re-affirms *Floyd v. State,* 55 Ala. 61; *Shelton v. State,* 73 Ala. 5; *Posey v. State, Ib.* 490.

2. *Same; when error in recital in judgment-entry of conviction not reversible.*—When the clerk, in attempting, by way of recital, to repeat in the judgment-entry of the trial and conviction of a defendant in a capital case, the order for summoning a jury previously made, fails to copy it correctly, the order first made will be regarded on appeal as the correct and controlling one, and the recital being unnecessary, the error therein will not work a reversal.

3. *When charge as to weight of circumstantial evidence properly refused.* A charge requested by the defendant in a criminal case, instructing the jury that, to authorize a conviction on circumstantial evidence, " the evidence should be as strong as the positive testimony of one creditable witness, who proves beyond all reasonable doubt the guilt of the defendant," is improper and misleading.

4. *Murder; when refusal to charge as requested free from error.*
VOL. LXXV.

[Bland v. The State.]

Where, on appeal by a defendant indicted for murder, all the evidence is not set out in the bill of exceptions, this court can not say that the primary court erred in refusing a charge requested by the defendant, which instructed the jury, in effect, that unless they were convinced that he was guilty of murder in the first degree, he could not be convicted of any crime; as, under such an indictment, a defendant may be convicted of murder in the first or second degree, or of manslaughter in the first or second degree.

APPEAL from Chilton Circuit Court.

Tried before Hon. JAMES E. COBB.

Alonzo Bland, the defendant in the court below, appellant here, was indicted for the murder of Nancy Bland, who, as the evidence showed, was his mother; and, at a subsequent term, he was tried and convicted of murder in the first degree, and sentenced to imprisonment in the penitentiary for life. On the trial it was shown that on 31st December, 1882, the deceased was killed by a pistol shot. The bill of exceptions does not set out all the evidence. It recites, among other things, that "the testimony tending to connect the defendant with the killing was entirely circumstantial." The defendant requested the court in writing to give the following charges to the jury: 1. "To convict the defendant, the evidence should be as strong as the positive testimony of one creditable witness, who proves, beyond all reasonable doubt, the guilt of the defendant." 2. "Before the jury can find the defendant guilty, they must be convinced by the evidence, to a moral certainty, and beyond all reasonable doubt, that the deceased came to her death by a pistol shot, and that the State must prove, to a moral certainty, and beyond all reasonable doubt, that the pistol was fired by the defendant with a formed design to kill the deceased." The court refused to give the charges, and the defendant duly excepted; and these rulings are here assigned as error.

A. A. WILEY, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—In the preliminary order, setting the day, and ordering the sheriff to summon persons for the trial of the prisoner, the circuit court followed the statute, Code of 1876, § 4874, as we have construed it in *Floyd v. The State*, 55 Ala. 61, *Shelton v. The State*, 73 Ala. 5, and in the case of *Posey v. The State*, 73 Ala. 490.

In the judgment entry of the trial and conviction, the clerk attempted, by way of recital, to repeat the order for summoning a jury, previously made; and in the attempt, failed to copy correctly. This was wholly unnecessary, and we will re-

gard the order first made as the correct and controlling one. The first was the order of the court; the last the error of the clerk.

The first charge asked and refused is in the precise language of that held improper and misleading, in *Mickle v. The State*, 27 Ala. 20, and in *Faulk v. The State*, 55 Ala. 415.

The second charge asked, so far as we can perceive, was rightly refused. It, in effect asked, that unless the jury were convinced the defendant was guilty of murder in the first degree, he could not be convicted of any thing. The record informs us it does not contain all the evidence. Under the indictment in this case, there could have been a conviction of murder in the first or second degree, or of manslaughter in the first or second degree. We can not know there was not testimony tending to show the defendant was guilty of some other grade of homicide. We are bound to suppose, in support of the court's ruling, there was such testimony, in the absence of its negation in the record. It would require a very strong and clear case to justify the charge asked.—*Ex parte Nettles*, 58 Ala. 268; *Mitchell v. The State*, 60 Ala. 26; Clark's Manual, § 480; *Gluze v. Blake*, 56 Ala. 379; *Williams v. Barksdale*, 58 Ala. 288.

The judgment of the circuit court is affirmed.