# Morrison v. The State.

## Indictment for Murder.

1. *Special venire in capital case.*—When an order for the trial of a capital felony is made during one week, and the trial is set for a day of the next week, thirty persons being drawn by the court as special jurors, under the provisions of the law approved February 28th, 1887 (§ 11); these persons, together with "the regular jurors drawn and summoned for the next week," constitute the special *venire.*

2. *Organization of petit jury.*—On the organization of a special jury in a capital case, some of the names drawn and summoned being left out of the box (or hat) by inadvertence, and the mistake not discovered until all the names in it had been drawn out without completing the jury; the court may properly refuse to have talesmen summoned, until all the omitted names, being placed in the box (or hat), have been drawn out and passed on; and the jury being still incomplete, the deficiency may then be supplied by talesmen.

3. *Same; order for talesmen.*—Under the uniform practice of the lower courts, an order for the summons of talesmen to complete a petit jury is not required to be entered of record, but may be given orally; and this court sanctions that practice.

4. *Proof of motive; act of agent as act of principal.*—The defendant having been in the employment of a partnership of which the deceased was a member, and having been discharged by their foreman about six weeks before the killing; the fact of such discharge is admissible evidence against him on the trial, as tending to show a motive for the killing.

5. *Charge as to duty to retreat in case of homicide.*—A charge given, which asserts that "if the deceased was the assailant, the party assailed must retreat, unless retreat will endanger his safety, and must refrain from taking life, if there is any other reasonable mode of escape," asserts a correct proposition.

6. *Drunkenness as excuse, or in mitigation of killing.*—Intoxication may reduce a killing to manslaughter, when it renders the person incapable of forming or entertaining the specific intent which is an essential ingredient of murder; but a charge requested, which instructs the jury that, if the defendant, when he fired the fatal shot, "was intoxicated, or under the influence of liquor, they may look to this fact in determining whether he acted in the passion and heat of blood, excited by the provocation of the blow he had received, or from malice," does not come within this principle, and is properly refused.

APPEAL from Tuscaloosa Circuit Court.
Tried before Hon. S. H. SPROTT.

The appellant, James Morrison, was indicted by the grand jury of Tuscaloosa county for the murder of Alex. Webb; was tried and convicted of manslaughter in the first degree, and sentenced to the penitentiary for nine years. His various objections in the organization of the jury appear in the opinion.

On the trial, the State introduced one Jake Kale, as a witness, who testified, "that he had been foreman for the firm of Webb & Wildsmith, of which the deceased was a member, and which was engaged in the business of coal mining; that as such foreman, he had twice discharged the defendant from the employment of said firm, the last time, about six weeks before the killing of the deceased." The defendant objected to the introduction of this evidence, and reserved an exception to the court's overruling his objection. There was no evidence that the deceased knew any thing of the discharge by Kale of the defendant or that he sanctioned such discharge; nor was there any evidence of any hostility or ill feeling between the deceased and the defendant at any time before the killing. It was shown that at the time of the killing, Christmas day, the defendant was under the influence of whiskey, being intoxicated. The evidence, as produced on the trial, further showed that at the time of the killing, the defendant was standing outside of a store building used also as a post office with his brother, demanding entrance, wherein the deceased and other persons were; the building was locked, and after demanding entrance and being refused, the deceased and the defendant both using insulting and profane language, the deceased walked to the window of the store, and struck through the window, at the defendant with a croquet mallet, the evidence conflicting as to whether defendant was struck, or the window sash, with such force as to break the mallet; after which blow the deceased walked back from the window towards the counter in the store, when the defendant shot him with a pistol.

At the request of the solicitor, the court gave the following charge: "If the deceased is the assailant, the party assailed must retreat unless retreat will endanger his safety, and must refrain from taking life, if there is any other reasonable mode of escape." To the giving of this charge the defendant excepted, and asked the court to give the following charge: "If the jury believe from the evidence that the defendant was struck by the deceased with the mallet before

the fatal shot was fired, and that the defendant was, at the time intoxicated or under the influence of liquor, the jury may look to this fact in determining whether he struck the fatal blow in the passion and heat of blood excited by the provocation of the blow, or from malice;" which charge the court refused to give.

HARGROVE & VANDEGRAFF, and S. A. M. WOOD, for appellant, argued at length that the court erred in its order of April 13th, and cited *Floyd v. State*, 55 Ala. 61; *Shelton v. State*, 73 Ala. 8; *Posey v. State, Ib.* 492; *Phillips v. State*, 68 Ala. 473; *Parsons v. State*, 74 Ala. 50.   2.  The record should show the order of the court directing the sheriff to summon talesmen.—*Posey's Case, supra;* 69 Ala. 159; 61 Ala. 482; 71 Ala. 17.   3.  There was error in compelling the defendant against his objection to pass upon the names of persons not placed in the hat at the beginning of the drawing.   4.  There was error in the admission of the testimony of the witness Kale.—3 Brick. Dig. 283, § 506.   5. The court erred in giving the charge requested by the solicitor.—77 Ala. 33.   6.  The court erred in refusing to give the charge requested by the defendant.—Roscoe's Cr. Ev. (7 Ed.) 696; 1 Bishop Cr. Law, § 414, and note; *People v. Rogers*, 72 Am. Dec. 484.

THOS. N. McCLELLAN, Attorney-General, *contra.*—The testimony of the witness Kale was properly admitted.—*Kelsoe v. State*, 47 Ala. 573; 61 Ala. 333.   The charge given at the request of the solicitor was correct.—*Finch v. State*, 81 Ala. 41.   The charge requested by defendant was properly refused.—*Beasly v. State.* 50 Ala. 149; 3 Brick. Dig. 188.   If erroneous, the verdict shows no injury.—60 Ala. 26.

STONE, C. J.—The Circuit Court of Tuscaloosa county sits two weeks, commencing on the sixth Mondays after the fourth Mondays in February and August of each year; and the criminal docket is taken up on the second Monday of each term.---Code of 1886, p. 225, sub-section 5, and note.   The Spring term, 1888, commenced on April 9.   On Friday of the first week (April 13), the court made an order setting Wednesday 18th for the trial of James Morrison, charged with murder, he having been arraigned at a former term, and pleaded not guilty.   The court thereupon proceeded to draw from the jury box the names of thirty persons to serve as

special jurors in said cause, and ordered that said thirty special jurors, "together with the regular jurors drawn and summoned for the second week of this term of the court, shall constitute the venire for the trial of this cause." This order was a literal and strict compliance with the statute, when an order setting a day for the trial of a capital felony is made during one week, and the trial is to take place during another week.----Jury Law, approved Feb. 28, 1887, § 11; *Posey v. State*, 73 Ala. 490.

The officers charged with the duty of drawing names out from the box, or hat, in organizing the jury, failed to place all the names in the hat in the first instance. This mistake was not discovered until those put in the hat were all drawn out; thirty-five in number. At that time only seven jurors had been selected. The court directed the remaining names—those left out by mistake—to be placed in the hat, and for the drawing to proceed. "The defendant objected, on the ground that the slips contained in the hat, having all been drawn therefrom, and the jury not having been made up, the court should direct the sheriff to summon talesmen, under the provision of section 4324 of the Code of 1886, from whom to complete the jury." This objection was overruled, and an exception reserved.

We might content ourselves with the statement that the ground of the contention was unsound. If the court had then ordered talesmen to complete the jury, it would have been a manifest error, unless, perhaps, the defendant's request would have precluded him from insisting on it as a ground of reversal. We can not hold that the court erred in refusing to do that at the defendant's request, which would have been error if done without his consent. If error had been committed, that was not the remedy.

When all the panel had been drawn out and passed on—those last put in as well as the first—the jury was still incomplete, and talesmen had to be summoned. This demonstrates that the mistake did the defendant no injury.

When the venire was exhausted, and the jury still incomplete, talesmen were summoned under the direction of the court, and the jury completed. It is objected for defendant, that the court's order for summoning these talesmen ought to have been entered of record.—*Posey v. State*, 73 Ala. 490; *Sylvester v. State*, 71 Ala. 17; and *Spicer v. State*, 69 Ala. 159, are relied on in support of this objection.

What was said in Posey's case had reference to the order

[Morrison v. The State.]

to summon a special venire for the trial of a capital case. The language of the statute then under consideration is, "The court must make an order, commanding the sheriff to summon," &c.—Code of 1876, § 4874; Code of 1886, § 4320. That order, we held, must be entered of record. The order to summon talesmen to complete the jury after the venire is exhausted, is expressed in the following language: "The court shall order the sheriff to summon twice the number to complete the jury," &c. The uniform practice has been to give such orders orally, and we have no wish to declare a different rule. There is nothing in this objection.

We think there was no error in admitting the evidence of the witness Kale. True, he was but the agent of Webb when he discharged the defendant from employment, and it is not shown that Webb either sanctioned, or knew of the discharge. The discharge was permitted to stand, however, and neither Webb nor his partner undertook to annul it. Agents are under the control of their principals, and are presumed to consult their wishes. We think the dischage was a circumstance the jury might well consider, in determining whether or not there was a motive for the deed.—*Kelsoe v. State*, 47 Ala. 593; *Hudson v. State*, 61 Ala. 333. The finding of the jury proves that they were not convinced that the killing was done with malice aforethought.

The charge given at the instance of the solicitor is in exact conformity with many of our rulings, and is free from error. *Ex parte Brown*, 63 Ala. 187; *Eiland v. State*, 52 Ala. 322; *Brown v. State*, 74 Ala. 478; *Story v. State*, 71 Ala. 329; *Wills v. State*, 73 Ala. 362.

The theory on which drunkenness may sometimes reduce a homicide from murder to manslaughter is, that it may so cloud the mind, so obscure the reasoning powers, as to satisfy the jury that the perpetrator could not have formed the design to take life. This, it is said, repels the idea that there was a preconceived purpose to kill. The drunkenness, however, to produce this mitigating effect, must be such as to render the accused incapable of forming or entertaining a specific intention; of premeditation, or deliberation.—*Tidwell v. State*, 70 Ala. 33; *Ford v. State*, 71 Ala. 385. A person may be "under the influence of liquor," may be even "intoxicated," and yet not so drunk as to render him incapable of premeditation, of deliberation, of forming an intention. The charge asked by the defendant was rightly refused.

Affirmed.