# Dick *v.* The State.

### Indictment for Rape.

1. *General exception to charge.*—A single exception to an entire charge can not be sustained, unless each principle asserted by it is faulty.

2. *Charge as to sufficiency of evidence.*—A charge which instructs the jury, in a criminal case, that "the State is not required to prove the guilt of the defendant to a mathematical certainty," asserts a correct proposition.

3. *Charge as to testimony of defendant.*—A charge asked, instructing the jury that, "in considering the testimony of the defendant, while they may look to the fact that he is a party to the suit, yet that does

[Dick v. The State.]

not render him less creditable [credible?] than he would be if he were not a party," is properly refused.

4. *Special venire in capital case.* —In a capital case, when the arraignment and the trial occur in the same week, the special *venire* should include, not "those summoned on the regular juries for the week" (Code, § 4320), but only those who have appeared, and who constitute the regular juries in fact; though the rule is different, when the trial is set for a subsequent week.

FROM the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

· The defendant in this case was indicted for rape, was convicted, and sentenced to the penitentiary for life. The order for the special *venire* is set out in the opinion of the court. The bill of exceptions, after setting out the testimony of the prosecutrix, contains the following statement as to the charge (or charges) given by the court: "The court, at the instance of the State, gave the following charge in writing: It is the duty of the jury, in considering what [weight?] they will give to the evidence of the defendant, to remember the fact that he is the defendant, and interested in the result of the verdict; and they may, for this reason, if the jury think it sufficient, entirely discard and disbelieve his statement as a witness. They will consider the written evidence of Chever in connection with all the other evidence; and if it is contradicted by other witnesses, they may disbelieve it. The State is not required to prove the guilt of the defendant to a positive, absolute, mathematical certainty; and the jury can not acquit, although they may believe that may be, perhaps, or possibly the defendant is not guilty. To the giving of each of which the defendant then and there severally excepted." Opposite each of the sentences composing this charge, respectively, on the margin of the transcript, are written the words, "Charge No. 1," "Charge No. 2," "Charge No. 3." The defendant also excepted to the refusal of the following charge, which was asked in writing: "While the jury, in considering the evidence of the defendant, may look to the fact that he is a party to the suit; yet being defendant, or party to the suit, does not render him any less creditable than he would be if he were not a party to the suit."

WM. L. MARTIN, Attorney-General, for the State, cited Code, § 4320; *Jackson v. State*, 77 Ala. 18; *Floyd v. State*, 55 Ala. 61; *Shelton v. State*, 73 Ala. 5; *Lang v. State*, 84 Ala. 1; *McKleroy v. State*, 77 Ala. 95,

[Dick v. The State.]

STONE, C. J.—The charge of the court, as shown in the bill of exceptions, is not divided into sections, paragraphs, or separate divisions. The exception is, "to the giving of each of which the defendant then and there severally excepted." We have many times ruled that an exception thus reserved is equivalent to a general exception to the whole charge, and will not be considered by us, unless the charge is faulty in each principle it asserts.—3 Brick. Digest, 80, §§ 34, 37. Some of the principles announced in the charge, if stated separately, we might consider misleading, if not erroneous; but the assertion that "the State is not required to prove the guilt of the defendant to a mathematical certainty," is unquestionably the law.

Any artificial rules for determining the credibility of testimony, should generally be avoided. Jurors, who observe the witness while he is testifying, his manner, his intelligence, his appearance, his bias, or the absence of it, and many other nameless *indicia*, are, as a rule, the best determiners of the truth or falsity of parol testimony. It is their highest duty to arrive at the truth if they can, and in doing so, they must accord to the entire evidence that weight, and only that weight, with which it impresses them. In criminal prosecutions, the testimony must establish the guilt of the accused beyond a reasonable doubt; or, which is the same thing, to a moral certainty. If, weighing the whole testimony, it comes up to this standard—that is, convinces the jury to a moral certainty that the accused is guilty—then the verdict should be "guilty," notwithstanding there may remain a *possibility*, a *perhaps*, or a *may be* that he is not guilty. The doubt which demands acquittal against such criminating evidence, must be a reasonable doubt, and not a mere possibility of innocence.

The charge asked by defendant was properly refused.

The prisoner was arraigned on Thursday, January 17th, 1889, and the ensuing Saturday, 19th, was set for his trial. The court ordered, "that the sheriff be, and is hereby, directed and commanded to summon sixty jurors, including those summoned on the regular juries for the week," from which to organize a jury for the trial of the accused. It will be observed that the day set for the trial was during the same week in which the order was made; and the trial was had on the day appointed. This order was made under section 4320, Code of 1886,—section 4874, Code of 1876. Of the petit jurors summoned for the week, one failed to appear, and con-

sequently was not in attendance, nor one of the number composing the juries organized for the week. In *Floyd v. State*, 55 Ala. 61, interpreting the section of the Code referred to, it was decided that the true construction was, that only such of the jurors summoned as were in attendance on the court, should constitute a part of the *venire* for the trial of a capital felony. See § 4324, Code of 1886. That case was followed in *Lee v. State*, 55 Ala. 259; *Posey v. State*, 73 Ala. 490, and *Jackson v. State*, 77 Ala. 18. The court erred in putting on the defendant a juror, who, though summoned, was not a member of either of the juries organized for the week, and was not in attendance on the court. The effect was to deny to the accused one of the sixty persons, which the order of the court had directed should constitute the special *venire*.

The rule is different, when the trial and the order setting a day for it occur in different weeks. It not being ascertainable what number of the summoned jurors will be in attendance, the statute is conformed to when the jurors summoned for the particular week are made a part of the *venire.—Morrison v. State*, 84 Ala. 405.

We are aware that, in the order for a special *venire* in this case, the presiding judge pursued the exact language of section 4320 of the Code of 1886—section 4874, Code of 1876; section 4175, Code of 1867. In *Floyd's case*, 55 Ala. 61, which arose under the Code of 1867, we interpreted that section in connection with section 4324, and decided that, in cases like the present, where the order setting a day for the trial, and the trial itself, occur in the same week, only those jurors summoned for the week who are in attendance, are to be placed on the special *venire*. We held that this was the legitimate interpretation of the two sections, when construed together. We pursued and emphasized that ruling in *Shelton's case*, 73 Ala. 5; and the ruling in *Posey's case*, *Ib.* 690, rests on the same principle. The interpretation we then gave, and which we adhere to, casts on the presiding judge the duty of being specific in his directions, and leaves to the sheriff no room for mistakes. This is the safer practice. Since *Floyd's case* was decided, those sections have passed through two Code revisions, without change; and this is, at least, some evidence that the codifiers and the legislature have approved the interpretation.

Reversed and remanded.