CLOPTON, J.
The term of the Circuit Court of Conecuh county may continue two weeks. On Monday of the second week, which is the week for the trial of criminal cases, the court made an order setting Friday of the same week for the trial of defendant, who was charged with murder, and that the *335 sheriff serve on him a list of the special jurors drawn in open court, “together with those jurors summoned and served on the regular venire of jurors drawn for the second week of said court.” The tenth section of the “Act to more effectually secure competent and well qualified jurors in the several counties of this State, with the exception” of certain named counties, provides, “That, when any capital case or cases stand for trial, the court.shall, at least one entire day before the same are set for trial, cause the box containing the names of jurors to be brought into the court-room, and, after having the same well shaken, the presiding judge shall then and there publicly draw therefrom not less than twenty-five, nor more than fifty of said names, for each capital case; ‘a list of which shall be immediately made out by the clerk of said court, and an order issued to the sheriff to summon the same to appear upon the day set for trial, in like manner, and under like penalties, as provided for summoning grand and petit jurors in section five (5) of this act; and the names of the jurors so drawn, together with the panel of petit jurors organized for the week, shall constitute the venire from which the juries to try said capital case or cases shall be selected.” By the eleventh section of the act it is provided, that when the term of the court continues two or more weeks, and by law the criminal docket is not taken up until the second or third week, the court, in its discretion, may, on any day of the term, fix the trial of the capital case for any day of a subsequent week; and if the sheriff shall serve a copy of the special jury drawn to try ■ the case, together with a copy of the jurors drawn and summoned for such week, it shall be held a compliance with the law requiring a copy of the jury to be served on the defendant as previously provided in the act. — Acts 1886-7, p. 151.
By the statute, the venire from which the jury to try a capital case is to be selected, can be constituted only of the special jurors drawn, and the panel of petit jurors organized for the week during which the case is set for trial. "When the order setting a day for trial is made, and the day of trial is a subsequent day of the same week during which the order is made, the copy of the list served on the defendant should contain only the names of the jurors who constitute the venire from which the jury is to be selected. . Persons who are drawn and summoned for such week, but who do not compose a part of the organized juries, should be left off the list. But, when the court, in its discretion, makes an order *336 on some day of tbe term, fixing tbe trial of a capital case for a day of a subsequent week, the order being made before tbe juries for tbe week of the trial can be organized, it is provided tbat service of a copy of tbe special jury drawn, and of tbe jurors drawn and summoned for tbe week of tbe trial, shall be a compliance with tbe law requiring a copy of tbe jury to be served on the defendant. This is tbe case contemplated by the eleventh section ,of tbe act; and in no other case should tbe names of tbe jurors summoned for the week of tbe trial, who do tiot constitute a part of tbe organized juries, be placed on tbe list served on tbe defendant. Morrison v. State, 84 Ala. 405. Tbe order of tbe court, which t^as made on Monday of the second week, tbe trial being set for Friday of tbe same week, required the sheriff to serve on tbe defendant a copy of tbe list of jurors specially drawn for tbe trial, and of tbe jurors drawn and summoned for tbe second week of tbe court. This is an error, for which tbe judgment must be reversed. — Posey v. State, 73 Ala. 490.
Tbe charges requested by defendant are argumentative in their character, and select portions of tbe evidence, to which undue prominence is given, to tbe exclusion of other parts, which should be regarded by tbe jury. Tbat tbe defendant and tbe deceased were friendly, and tbat no motive for tbe crime is shown, are circumstances to be considered in determining whether tbe killing was with malice, or was tbe result of an accident. But, in determining tbe question, tbe jury can not regard these circumstances alone. They should consider the whole evidence.
Tbe other questions relating to tbe drawing and impanelling of tbe jury will not probably arise on another trial.
Reversed and remanded.