# Breden *v.* The State.

*Indictment for Murder.*

1. *Special venire in capital case.*—Under the provisions of the general statute regulating the drawing and summoning of jurors and the organ-ization of petit juries (Crim. Code, pp. 131-5, note), when an order is made for a special *venire* in a capital case, and the trial is set for some day during the same week, the special *venire* must consist of the per-

[Breden v. The State.]

sons whose names are drawn by the presiding judge, as therein provided, together with the panel of petit jurors organized for the week.

2. *Same; service of copy on defendant.*—An order directing the sheriff to serve on the defendant "a copy of the special jury drawn and ordered summoned to try said case, together with a copy of the jurors organized for the present week of the court," and a copy of the indictment, is free from objection.

3. *Same; statutes of 1886-7 superseding Code.*—Under the express provision contained in the second section of the act adopting the Code of 1886, the statute regulating the drawing and summoning of jurors, above cited, which was approved February 28th, 1887, before the Code went into effect, nevertheless supersedes any inconsistent provisions therein contained; and it must be considered as modifying, in the several counties to which it applies, section 4449.

4. *Service of copy of indictment and venire on defendant; proof or recital of.*—When the record shows a regular order requiring the sheriff to serve on the defendant a copy of the indictment and the special *venire* for his trial, it is not necessary that it shall also affirmatively show compliance with the order: in the absence of objection in the court below, this court will presume that the sheriff did his duty and obeyed the order.

FROM the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

The defendant in this case, Major R. Breden, was indicted for the murder of Philip Terry, by cutting him with a knife; was convicted of murder in the second degree, and sentenced to the penitentiary for the term of twenty years. At the Fall term, 1889, as the minute-entry is entitled, the defendant was arraigned, and pleaded not guilty, and it was ordered that Wednesday, the 6th day of November, be set for his trial; and the entry then proceeds: "And the defendant being in open court, the court caused the box containing the names of the jurors for the county to be brought into the court-room, and, after having the same well shaken, the presiding judge, in the presence of the defendant, then and there publicly drew from said box the names of fifty jurors, as follows," stating them; "a list of which was immediately made out by the clerk of the court, and the sheriff ordered to summon the said fifty jurors to appear on the 6th day of November, the day set for the trial of this cause; and it is ordered by the court, that said fifty jurors, so drawn and ordered summoned, together with the panel of petit jurors organized for the present week of this court, shall constitute the *venire* from which the jury to try this cause should be selected. And it appearing that the defendant is in actual confinement in the county jail, it is ordered by the court, that the sheriff shall serve a copy of the special jury drawn and ordered summoned to. try said case, together with a copy of the jurors organized for the present week of this court,

[Breden v. The State.]

together with a copy of the indictment, be served upon the defendant in person, one entire day before the said 6th day of November, the day set for the trial." There is no bill of exceptions in the transcript.

W. P. CHITWOOD, for appellant, cited Code, § 4449; *Lacy v. State*, 45 Ala. 80; *Flanagan v. State*, 46 Ala. 703; *Croker v. State*, 47 Ala. 53; *Bugg v. State*, 47 Ala. 50; *Spicer v. State*, 69 Ala. 159.

WM. L. MARTIN, Attorney-General, for the State, cited the statute regulating the drawing and summoning of jurors, and the statute adopting the Code: Code, pp. 1, 131-5, note; also, *Goley v. State*, 85 Ala. 333; *Morrison v. State*, 84 Ala. 405; *Parsons v. State*, 81 Ala. 577; *Dick v. State*, 87 Ala. 61; *Clark v. State*, 78 Ala. 474; *Spicer v. State*, 69 Ala. 159; *Phillips v. State*, 68 Ala. 469; *Shelton v. State*, 73 Ala. 5; *Rash v. State*, 61 Ala. 89; *Mitchell v. State*, 58 Ala. 417; *Lewis v. State*, 51 Ala. 1; *Paris v. State*, 36 Ala. 232.

SOMERVILLE, J.—This is a capital case, being an indictment for murder. The jury was organized under the act of February 28th, 1887 (Acts 1886–87, p. 151), which is applicable to the county of Lawrence. The trial of the defendant was set for the week during which the order was made, and not for a week subsequent. Such being the case, section 10 of this statute requires that the presiding judge shall, in open court, draw from the box containing the names "not less than twenty-five nor more than fifty of said names, for each capital case," a list of which the clerk is required to make out, and the sheriff is thereupon required to summon them. It is provided, that "the names of the jurors so drawn, together with the panel of petit jurors *organized* for the week, shall constitute the *venire* from which the juries, to try said capital case or cases, shall be selected." There is a *proviso* to the section which does not affect this case.

1. The order and proceedings of the court, in regard to the organization of the jury, substantially conform to the requirements of this statute.—*Goley v. The State*, 85 Ala. 333; *Morrison v. The State*, 84 Ala. 405.

2. The order given as to the service of the *venire* on the defendant was equally free from objection. It was, that "the sheriff shall serve a copy of the special jury drawn [by the judge] and ordered [to be] summoned to try said case,

[Smith v. The State.]

together with a copy of the jurors organized for the present week of the court," including also a copy of the indictment. This embraced the persons from whom the defendant was required to select his jury, and necessarily constituted the list, to the service of which he was entitled in order to enable him intelligently to make such selection.

3. Section 4449 of the Code of 1886, which describes the *venire* required to be served on the defendant as "a list of the jurors summoned for his trial, including the regular jury summoned for the week in which the case is set for trial," must be considered as modified by the above cited act of February 28, 1887, so far as concerns the counties to which the latter act is applicable. The Code, it is true, went into effect on December 25th, 1887—a later day than the act in question; but the act is made operative as a law of superior force, by section 2 of the act of February 28th, 1887, adopting the Code, which section provides as follows: "No act passed at the present session of the General Assembly shall be repealed, or affected in any manner by the adoption of this Code."

4. The record fails to show affirmatively that a copy of the *venire* and indictment was served on the defendant by the sheriff, as ordered. But, in the absence of any objection in the trial court, based on this alleged defect, we will presume that the sheriff discharged his duty, by serving these papers in due time in obedience to the order of the court. *Spicer v. State*, 69 Ala. 159; *Paris v. State*, 36 Ala. 232; *Shelton v. State*, 73 Ala. 5; *Clark v. State*, 78 Ala. 474; and other cases cited on brief of Attorney-General.

We discover no error in the record, and the judgment is affirmed.