# ABNER C. HARDING

*v.*

# HENRY C. STRONG.

1. DESCRIPTION *of premises in a deed — omitting the name of the State and county.* Where a deed described the premises intended to be conveyed, as "lot five in block one, in Haley's addition to the city of Monmouth," without stating in what State or county, the court, on the trial of a suit in ejectment in which such deed is offered in evidence, will take notice that the city of Monmouth is in Warren county, in this State, and will presume that the lot is in the city of Monmouth in this State.

2. PLEADING AND EVIDENCE *in ejectment — proof of possession in defendant.* Under the statute, the return of the officer who serves the process in an action of ejectment, is sufficient proof that the defendant was in possession at the commencement of the suit, unless he files a plea denying such possession.

3. EJECTMENT — *requisites of the finding as to the character of estate recovered.* On the trial of an action of ejectment by the court, without a jury, the judgment, which was for the plaintiff, stated: "The court finds that the plaintiff is seized in fee, and also finds the defendant guilty," etc. This was a sufficient finding as to the character of estate recovered.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN S. THOMPSON, Judge, presiding.

Henry C. Strong brought his action of ejectment in the court below, against Abner C. Harding, to recover certain premises described as lot five in block one, in Haley's addition to the city of Monmouth, in Warren county, in this State, the plaintiff claiming title thereto in fee. The defendant pleaded not guilty.

On the trial, which was before the court, without a jury, the plaintiff, besides other things, offered in evidence a deed from Abner C. Harding and wife to John Eads, describing the premises intended to be conveyed as "those certain tracts or parcels of land situated in the Haley addition to the city of Monmouth, known as lot five in block one, and lot seven in block ten in south addition to said city." The defendant objected to the deed being received in evidence because in the description of the premises it did not appear in what county and State they

were situated. But the court overruled the objection and the defendant excepted.

There was no proof offered that the defendant was in possession at the commencement of the suit.

In the final judgment the court "finds that the plaintiff is seized in fee, and also finds the defendant guilty of unlawfully withholding from the plaintiff the possession of the premises," etc., and awards a writ of possession.

The defendant brings the cause to this court by appeal, and insists the deed should not have been received in evidence, because of the insufficient description therein of the premises; and alleges as error that there was no proof of possession in the defendant, and that the finding is deficient in not showing the character of estate in the premises, recovered by the plaintiff.

Mr. D. L. HOUGH, for the appellant.

Mr. J. W. DAVIDSON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment brought by Henry C. Strong, in the Warren Circuit Court, against Abner C. Harding for the recovery of lot five in block one in Haley's addition to the city of Monmouth. Defendant filed the plea of not guilty, upon which issue was joined. A trial was had by the court, the parties having waived a jury, when the court found the issues for the plaintiff. Defendant entered a motion for a new trial, which the court overruled, and rendered a judgment in favor of plaintiff, and awarded a writ of possession; and, to reverse that judgment, defendant brings the case to this court by appeal.

The objections to this judgment seem to be purely technical. It is first insisted that the court cannot know that the lot in controversy is in the city of Monmouth, Illinois. The court will take notice that the city of Monmouth is in Warren county in this State. And when the deed was read in evidence

describing a tract of land as lot five in block one in Haley's addition to the city of Monmouth, the presumption would be that it was in Monmouth in this State.

There was no plea filed denying possession of the premises by appellant, and, under the statute, proof of possession was unnecessary. In such cases the statute declares that the return of the officer who served the writ shall be sufficient proof of possession unless it is denied by plea. But, if it had been necessary, Davidson testified that appellant admitted to him after the commencement of the suit, that he was in possession when the notice and declaration were served.

The court below in the final judgment does find that appellee was seized in fee of the premises. This is all the statute requires.

The judgment of the court below must be affirmed.

*Judgment affirmed.*