# Trammell *v.* Vane, Calvert & Co.

*Action on Account.*

1. *Rulings of lower court; what not revisable.*—The appellate court will not revise rulings of the primary court upon motions for the continuance of causes, or motions to set aside judgments and grant new trials.

2. *Rules of practice; what proper.*—The circuit court may properly make a rule requiring written pleading in causes then pending for trial, to be filed with the clerk by the first day of the next term, and in all suits thereafter brought within the time prescribed by law for pleading, and in event of a failure thus to plead, that judgment by default or *nil dicit* should be rendered, on motion of plaintiffs, disregarding "pleas in short by consent," unless written consent be endorsed and filed with such pleas.

APPEAL from Lee Circuit Court.
Tried before Hon. JAMES E. COBB.
The facts are stated in the opinion.

G. W. GUNN, for appellant.

J. R. DOWDELL, *contra.*

MANNING, J.—The presiding judge of the circuit court of Lee county, at the term thereof next before that at which the judgment in this cause was rendered, had given notice, and caused to be set forth in a rule of the court entered on the minutes, that in all cases then pending in the court, written pleadings must be filed with the clerk on or before the first day of the next term; and that in all suits thereafter brought, written pleadings must be so filed within the time prescribed by law for pleading; and that in the causes ·in which written pleas were not filed as required, judgments

[Renfro & Andrews v. Adams.]

by default or *nil dicit* would be entered, on motion of plaintiffs ; and that "pleas in short by consent" would be disregarded and taken from the file, on motion, unless the written consent of parties should be indorsed on, or filed with such pleas. We can not doubt that these were judicious as well as legal regulations, adopted by a magistrate intent only upon faithfully performing his duty of administering the laws, and who had found that the interests of society demanded of him a stricter enforcement of the rules of practice.

In this case, there was a failure to comply with them ; in consequence of which it happened, in the absence of the defendant and his counsel, that when the cause was reached a day earlier than that which, on his docket, the clerk had set for the hearing of it, judgment *nil dicit* was rendered in favor of plaintiffs, and a writ of inquiry executed ascertaining the sum they should recover of defendant. No plea was then filed.

On the next day, defendant's counsel appeared, and, upon affidavits which fail, we think, to show a good ground of defense, moved the court to set aside the judgment rendered, and permit him then to interpose a plea and controvert plaintiffs' claim ; which motion the court overruled. Thereupon, defendant obtained a bill of exceptions, and appeals to this court to reverse the action of the Circuit Court on this motion.

It is the settled practice of this tribunal not to revise or set aside the rulings of the primary courts upon motions for the continuance of causes, or motions to set aside judgments and grant new trials. And no sufficient reason is shown why we should, if we might, do so in this instance.

Let the judgment of the Circuit Court be affirmed.