# Bedwell *v.* Bedwell.

*Statutory Real Action in nature of Ejectment.*

1. *Error without injury in admission of evidence.*—The admission of evidence which is at the time *prima facie* inadmissible, is error without injury, when the record shows that its relevancy or admissibility was established by evidence subsequently introduced.

2. *Exception to exclusion of evidence; presumption in favor of judgment.* When objection is made to the answer of a witness to an interrogatory, but not to the interrogatory itself, and the answer is not set out in the record, this court will presume that the answer was legal evidence.

3. *General exception to charges given or refused.*—A general exception to several charges given can not be sustained, unless each one of them is erroneous; nor can a general exception to the refusal of several charges asked be sustained, unless each one of them asserts a correct legal proposition, which is applicable to the evidence.

4. *New trial; refusal not revisable.*—The refusal of a new trial is not revisable by this court, on error or appeal.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. LEROY F. BOX.

This action was brought by Joseph W. Bedwell, against Mrs. Louisa A. Bedwell and Robert L. Bedwell, to recover the possession of a tract of land particularly described in the complaint, with damages for its detention ; and was commenced on the 5th March, 1881. The record does not show what pleas were filed, but the cause was tried on issue joined, and the trial resulted in a verdict and judgment for the plaintiff. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a deed for the lands executed to him by Mrs. L. A. Norton (formerly Bedwell) and her husband, dated January 17th, 1881 ; and a conveyance executed by W. C. White and wife to L. A. Bedwell, dated February 22d, 1864. The defendant " moved to exclude this evidence from the jury, the plaintiff having rested his case, because it was irrelevant, and showed no right in plaintiff to recover ; which motion the court overruled, but stated that, if the motion was renewed after all the evidence was introduced, it would be considered ; and the defendant then and there duly excepted." The defendants were the widow and son of L. C. Bedwell, deceased ; and they adduced evidence showing that said L. C. Bedwell went into possession in the year 1870, or 1871, as the purchaser at a sheriff's sale under execution against one William Bedwell. Robert Bedwell, one of the defendants, while testifying as a witness for them, " was asked, whether the possession of said L. C. Bedwell and defendants was peaceable ;" also, " whether their possession was uninterrupted," and " whether they claimed the land as their own." The bill of exceptions does not show that any objection was interposed to any one of these questions, nor does it state the answers of the witness ; the only recital being, "plaintiff objected to the answer, on the ground that the question called for a conclusion of the witness ;" which objection was sustained by the court, and exception reserved by the defendants. The plaintiff offered in evidence, in the subsequent progress of the trial, the deposition of said W. C. White, taken on interrogatories and cross-interrogatories, " to which the defendants objected, on the several grounds set out therein ;" but the bill of exceptions does not show the action of the court on the objection, nor any exception thereto. The court gave five charges in writing, " to which charges the defendants then and there duly excepted ;" and the defendants then requested four charges in writing, " which the court refused to give, and the defendants then and there duly excepted."

The several rulings of the court on the evidence, the charges

[Bedwell v. Bedwell.]

given, the refusal of the charges asked, and the overruling of a motion for a new trial, are now assigned as error.

SAVAGE, MATTHEWS & DANIEL, for appellants.

J. L. BURNETT, *contra.*

CLOPTON, J.—We are compelled to affirm the judgment, for the following reasons. Conceding that the conveyances from White and Mrs. Norton were irrelevant and inadmissible without further proof, the error was cured by the subsequent introduction of evidence tending to show their prior possession of the lands in controversy; the legal effect and sufficiency of the deeds to entitle the plaintiff to recover being dependent upon the fact of possession, and the title of the defendants, as found by the jury on the entire evidence.—*Belmont C. & R. R. Co. v. Smith,* 74 Ala. 206; *Griffin v. State,* 76 Ala. 29.

In respect to the rulings of the court on the exclusion of evidence, the objections were made to the answers of the witness to certain interrogatories, no objection being made to the questions. The answers excluded are not set out in the record; and we have no means of ascertaining error *vel non* in their exclusion. We can not presume, in order to put the court in error, that the answers were legal evidence.—*Perry v. Danner,* 74 Ala. 485; *Allen v. State,* 73 Ala. 23. It is not shown that the exceptions to the interrogatories to the witness White were ever called to the attention of the court, or that the court made any rulings thereon. They can not be made for the first time in this court.

The exceptions to the instructions given and refused, are taken to them in mass, and are too general to avail the appellants, unless there is error in each of the charges given, and each of the charges requested asserts a correct proposition applicable to the evidence.—*Stovall v. Fowler,* 72 Ala. 77. While there may be error in some of the instructions given, we can not assert there is error in each; and while some of the charges requested should have been given, each does not assert a correct proposition applicable to the evidence. An examination of them *seriatim* is unnecessary.

The refusal of the court to grant a new trial is not revisable by this court.—*Strong v. Catlin,* 37 Ala. 706.

Affirmed.