# The State v. Posey.

## Scire Facias against Bail.

1. *Nature of proceeding; waiver of trial by jury.*—In *scire facias* against bail on a forfeited recognizance, which is a civil proceeding, the issue presented is required to be decided by the court (Code, §§ 4867–8) ; and if any issue can arise which would properly be determined by a jury, the failure to demand it is a waiver of the right.

2. *Discharge of sureties by order for new recognizance.*—When the principal defendant is required by the court to enter into a new undertaking of bail, because of the insufficiency of the first, and is ordered into custody for his failure to do so (Code, § 4862), the sureties are discharged for any future default.

3. *Presumption in favor of judgment.*—When the record does not set out the evidence on which the decision of the court below was founded, this court will presume that it justified the decision.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. Box.

The record in this case shows these facts : At the Spring term of said court, 1881, A. L. Posey was indicted for grand larceny, and was arrested under a *capias*. At the March term, 1883, he was tried and convicted, but the verdict was set aside on his motion, and a new trial granted ; and it was further ordered, as the judgment-entry recites, "that the defendant remain in custody until discharged by due course of law." A memorandum by the clerk is then copied in the record, which states that " the defendant was afterwards released by the sheriff on the appearance bail-bond approved August 4, 1881, he having never given any other appearance bond in this case ;" and further, " that afterwards, without request or otherwise of his bail, he was incarcerated by the sheriff in the jail of St. Clair county, and released on a subsequent day by the sheriff, without giving a new or additional bail-bond." The recognizance copied in the record, dated and approved August 4, 1881, is signed by A. L. Posey, Jno. W. Posey, and M. M. Posey ; but the name of A. L. Posey only is inserted as an obligor in the body of the bond. At the September term,

1883, said A. L. Posey having failed to appear, a conditional judgment was entered against him, and against John W. and M. M. Posey as his sureties. A *scire facias* on this judgment having been issued, and served on the sureties, they appeared, and pleaded, among other things, as follows: (3.) "If these defendants were ever legally bound on said bond, they have been discharged from liability by a compliance with the condition thereof, for that said A. L. Posey appeared at the Spring term, 1883, as provided by said bond, was duly arraigned, pleaded not guilty, was put upon his trial, and convicted of the offense with which he was charged, and incarcerated in the jail of said county, to await sentence; that on a subsequent day of said term of the court, said A. L. Posey was granted a new trial, and ordered held in custody until discharged by due course of law; that he was again incarcerated, in default of bond, and subsequently released from custody, without the consent of these defendants; and hence defendants aver that they have been discharged from all liability on said bond." The final judgment is in these words: " Comes the State, by her solicitor, and the defendants by attorney; and issues having been joined, it is considered by the court, that the issues are in favor of the defendants, upon their plea alleging their discharge, and therefore that the defendants go hence." The State appeals from this judgment, and here assigns it as error; and it is further assigned as error, that the judgment was rendered by the court without the intervention of a jury.

Thos. N. McClellan, Attorney-General, for the appellant, cited *Hammons v. State*, 59 Ala. 164 ; *Ingram v. State*, 27 Ala. 17 ; *State v. Slack*, 6 Ala. 676.

Inzer & Greene, *contra.*—In the absence of a bill of exceptions, showing the evidence on which the court below acted, this court can not impute error to its judgment. After the defendant's surrender, trial and conviction, he was in the custody of the sheriff, and his release by that officer imposed no new liability on his old sureties.—Code, § 4847.

SOMERVILLE, J.—The proceeding is one by *scire facias* to make absolute a conditional judgment taken against the defendants, as sureties on a forfeited bail-bond. Such a proceeding is purely civil, and not criminal in its nature, being merely a suit for the recovery of money. The issue to be tried is the showing of cause why the judgment *nisi*, taken against the defendants at a former term, should not be made final. The statute provides that this issue, whatever may be the nature of

the excuse for default, shall be heard and determined by the court.—Code, 1876, §§ 4867–68. If the court decide that the excuse is a good and sufficient one, the conditional judgment is set aside; otherwise, it is made absolute.—Code, § 4867. It does not seem to be contemplated that controverted issues of fact, arising in trials of this kind, will require the aid of a jury in their determination. The sufficiency of the excuse will often depend upon evidence which is conflicting, and yet it must be determined by the court.—*Dover v. State*, 45 Ala. 244, 254; *Hammons v. State*, 59 Ala. 164. Where issues are involved, however, other than the legal sufficiency of the principal's excuse for default, they would probably require the determination of a jury. However this may be, no objection was raised by the State, as plaintiff, in the court below, to the trial of the cause by the court, so far as appears from the record, and it is too late to raise such an objection for the first time in this court. The right of trial by jury is a privilege, which may be waived, in civil cases, by the con sent of the parties litigant; and this seems to have been done in the present case, conceding that the right existed.

The judgment-entry shows that the issue decided in favor of the defendants was that raised by the third plea, averring the discharge of the defendants' liability as sureties by reason of the court's having taken and held their principal in custody and incarceration without the consent of the defendants. There is no demurrer to this plea. Nor is there any bill of exceptions setting out the evidence upon which the court acted in deciding the issue before it. It may be that the evidence disclosed the fact that the principal was required to enter into a new undertaking of bail, by reason of the insufficiency of the original one, and that he was ordered into custody for failure to comply with the order of the court.—Code, 1876, § 4862. The plea was broad enough to admit such an issue, in the absence of all objection to evidence supporting it. This would have operated to discharge the sureties from any future default. Our duty is to presume that, if the evidence had been disclosed, it would have sustained the ruling of the court.

Affirmed.