# East Tenn., Va. & Ga. R. R. Co. v. Cary.

## Trover.

1. *General exception to charges.*—A general exception to two or more charges given can not prevail, unless each of the charges is erroneous.

2. *When title to personalty passes.*—When a person cuts cross-ties under a contract with another, agreeing to pay him five cents royalty, but does not deliver them to him, these facts alone do not show title in the person to whom the royalty was due.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

This was an action of trover by the appellee, C. W. Cary, against the appellant, the East Tenn., Va. & Ga. R. R. Co., for the conversion of cross-ties alleged to be the property of appellee.

The plaintiff claimed the cross-ties under a contract of purchase from one McConaughy, who cut them, and the defendant claimed them under a contract with one Shortridge. The court, on the request in writing of the plaintiff, gave the following two charges:

"1. Though the jury believe, from the evidence, that McConaughy cut cross-ties under a contract with Shortridge, agreeing to pay Shortridge five cents royalty, yet if McConaughy did not deliver the cross-ties to Shortridge, Shortridge had no title to them."

"2. If the jury believe, from the evidence, that McConaughy cut cross-ties under an agreement or contract with Shortridge to pay him five cents royalty, yet if McConaughy delivered the cross-ties to Cary, the plaintiff, then the title is in Cary and he is entitled to recover."

In reference to the defendant's exception to these charges, the language of the bill of exceptions is, "Which charges the court gave, and to the giving of said charges the defendant duly excepted."

[Tennile v. Walshe & Co.]

HENRY WILSON, for appellant.

W. S. CARY, *contra.*

STONE, C. J.—The charges were given at the instance of the plaintiff below—appellee here—and there was a general exception to the giving of the two. In such case, unless both charges are faulty, the exception avails nothing. 3 Brick. Dig. 80, §§ 34, 35, 41; *Bedwell v. Bedwell,* 77 Ala. 587.

The charge first asked and given is unquestionably free from error. Neither the facts hypothesized, nor any testimony found in this record, tended to show the cross-ties belonged to Shortridge.

No other question is raised by the exceptions.
Affirmed.