# Stevenson *v.* Moody.

### *Statutory Action in nature of Ejectment.*

1. *Proof of partition.*—As proving a partition of land by agreement
between two sisters, a subsequent declaration and claim of exemption
by one of them, to the part of which she was in possession, would be
admissible as evidence against her, as tending to show that she adopted
and acted on the partition.

2. *Record proof of declaration and claim of exemption.*—A declaration
and claim of exemption, filed in the office of the probate judge, may be
proved by a transcript properly certified, but not by the record itself.

3. *General exception to several charges given or refused.*—An exception
reserved in these words, "The following charges were given by the court
for plaintiff, and duly excepted to by defendant;" or, "The following
charges were asked in writing by defendant, and refused, to which de-
fendant duly excepted," is too general and indefinite, and does not show
a specific exception as to each charge.

APPEAL from the Circuit Court of Pike.

Tried before the HON. JOHN P. HUBBARD.

This action was brought by Irby Moody and Jane Moody,
husband and wife, against Henry Stevenson and Julia Ste-
venson, also husband and wife, to recover the possession of
a tract of land containing one hundred and forty acres, which
was particularly described; and was commenced on the 3d
March, 1887. Each party claimed under a deed from J. C.
Kindred, who was the father of Mrs. Moody and Mrs. Stev-
enson. The deed to the plaintiffs from said J. C. Kindred,

[Stevenson v. Moody.]

which they offered in evidence on the trial, "was duly exe-
cuted on the 3d September, 1875, and was in consideration
of love and affection;" and it conveyed "the lands in contro-
versy, with other lands." The defendants claimed that said
J. C. Kindred, in 1870, conveyed a tract of land containing
two hundred and eighty acres, one half of which was the
land here in controversy, and the other half was in the pos-
session of the plaintiffs, to his two daughters Jane and Julia,
who were then unmarried; and that they afterwards divided
the land between them by agreement, each taking one half.
Kindred's deed to his two daughters was not produced, hav-
ing been burned or destroyed, as the proof showed; and Mrs.
Stevenson testified that this was done "against her wish and
consent," while Mrs. Moody testified that it was cancelled
and destroyed by agreement between them. As to the consid-
eration of this deed, Mrs. Moody testified, that it was made
by said J. C. Kindred "to avoid a claim upon which he was at
that time sued;" but Mrs. Stevenson testified, that their
father, being very much embarrassed in his pecuniary affairs,
conveyed the land to them on their agreement "to work and
pay his debts," and that they did so. Mrs. Moody testified,
also, "that she never entered into any contract for a division
of the land between her and the said Julia, nor was the land
ever divided;" while Mrs. Stevenson thus testified: "In the
year 1873, she and the said Jane (her sister) made a con-
tract to divide the said land, and which was accordingly done;
and she (the said Julia Stevenson) then took possession of
her part, which is the land in controversy, and has been ever
since in the open, notorious possession of said land, claiming
title to the same under said deed."

"The defendants offered in evidence the following declara-
tion of exemption by Jane Moody, from the record of ex-
emptions of the Probate Court of said county; which the
court refused to admit, and to which the defendants duly ex-
cepted." This declaration and claim of exemption, as here
set out in the bill of exceptions, claims certain real and per-
sonal property, including one hundred and forty acres of
land; and to it is appended an affidavit subscribed by Mrs.
Moody, before the clerk of the probate judge, dated June
24th, 1878. Exceptions were also reserved by the defend-
ants to charges given, and to the refusal of charges asked,
which are stated: "The following written charges were given
by the court for plaintiffs, and duly excepted to by defend-
ants;" "The following charges in writing were asked by

defendants, and refused by the court, to which refusal defendants duly excepted." The several rulings to which, as stated, exceptions were reserved, are now assigned as error.

P. O. HARPER, for appellants.

M. N. CARLISLE, contra.

CLOPTON, J.—The declaration of exemptions would have been admissible in evidence, as an admission by Jane Moody, one of the plaintiffs, that she adopted and acted upon the alleged partition, and claimed the lands allotted to her, if proof had been made that she signed or verified the declaration, or a properly certified transcript of the record of the Probate Court had been offered. The bill of exceptions, which purports to set out all the evidence, fails to show that such proof was made or proposed, or that such transcript was offered. We can not make presumptions against the statements of the record, to put the court in error.

Though there may be error in some of the charges given, and in the refusal to give some of those requested by the defendants, the exceptions, being taken in mass, are too general to avail appellants. The instructions given and refused are not properly presented for consideration.—*Bedwell v. Bedwell*, 77 Ala. 587, where the exceptions are taken in substantially the same language.

Affirmed.