# Black *v.* Pratt Coal & Coke Company.

### *Statutory Action in nature of Ejectment.*

1. *Statute of limitations of ten years; computation of time, in case of infancy, death, and intervening war.*—An adverse possession which commenced in March, 1852, ripens into a perfect title under the statute of limitations, as against a claim of title under an ancestor who attained his majority May 1st, 1856, and died in 1864, by December 10th, 1866.

2. *Description of land in conveyance; parol evidence in aid of.*—Where the land conveyed by a deed is therein described only by the numbers of the section, township and range, not stating the county or district in which it is situated, a case of patent ambiguity is presented, which renders the deed void; but the addition of the words, "all that part lying south of Black creek," removes the patent ambiguity, and renders parol evidence admissible for the purpose of identifying the particular tract.

3. *Presumption in favor of judgment.*—When the bill of exceptions does not purport to set out all the evidence, this court will presume that there was evidence before the jury to justify rulings which would have been correct on any state of legal proof.

4. *Adverse possession; what constitutes.*—To perfect title by mere possession, such as will maintain or defeat an ejectment, the possession must be actual, public, or notorious, adverse, or in independent right, and continuous; though residence or cultivation is not necesssary, there must be the exercise of public or visible acts of ownership, such as distinguish an owner from a mere tenant, and indicate a holding in independent right; and though the continuity of possession is not interrupted by one holder succeeding another as grantee or transferree, a succession of independent trespasses does not meet the requirements of the rule.

5. *Prescription of twenty years.*—After the expiration of twenty years, all claims or rights of property, which have been permitted to slumber without assertion or recognition, are presumed to have been adjusted, or to have no legal existence; and in computing this period of prescription, no deduction is made on account of the late war.

6. *General exception to several charges.*—A general exception to several charges given, or to the refusal of several charges asked, can avail nothing, unless each ruling is erroneous.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. LEROY F. BOX.

This action was brought by Robert L. Black, against the Pratt Coal and Coke Company, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 23d April, 1887. The defendant pleaded not guilty, and the statutes of limitation of ten and twenty years; and the cause was tried on issue joined on these pleas. Under the rulings of the court on the evidence,

and in the charges given and refused, the defendant had a verdict and judgment; and these several rulings, to which the plaintiff excepted, are now assigned as error.

A. Y. HARPER, for appellant.

HEWITT, WALKER & PORTER, *contra*.

STONE, C. J.—The appellant claims title to that part of the west half of the north-west quarter of section 19, township 17 south, range 3, west, which lies south and east of Black creek, in Jefferson county, Alabama. He proves *prima facie* title in one James Black, acquired by deed in 1839, under which he took possession that year, cultivated a part of the land, and exercised other acts of ownership. He, James Black, and those whose right he had, having the oldest possession brought to view in this record, *prima facie* he was the owner. James Black died, intestate, in 1840, residing upon the land at the time, and left ten surviving children. The family became dispersed, and we hear of no more occupancy of the land by any of the descendants of James Black.

One son, Benjamin Black, was born May 1, 1835. He died, intestate, in 1864, leaving one only surviving child, Robert L. Black, who was born September 28, 1863, and who is sole plaintiff in this action. The present suit was instituted April 23, 1887. Proving these facts, plaintiff rested.

The defense rests on the statute of limitations. The case made by defendant is as follows: On the 23d day of December, 1850, William J. Philyear and his wife executed a deed of conveyance to Russom Shoemaker, on the recited consideration of eighty-five dollars, in hand paid. The description of the land conveyed is in the following language: "All that part of the west half of the north-west quarter of section 19, township 17, range 3 west, that lies south of Black creek."

On the 12th day of February, 1879, said Shoemaker and wife, and one Miller and wife, sold and conveyed to the Pratt Coal and Coke Company, on a recited consideration of one hundred dollars paid, "all the coal, ores, metals and minerals, in, under and upon the following described real estate, to-wit: all of the west half of the north-west quarter of section 19, township 17, south, of range 3 west, that

[Black v. Pratt Coal & Coke Co.]

lies on the south and east side of Black creek, containing forty acres, more or less; also, the right and privilege to said Pratt Coal and Coke Company to mine, use and sell for their own use and benefit, and the benefit and use of their successors and assigns, all coals, ores, metals and minerals, upon, in and under said lands; and also all timber and water upon the same necessary for the development, working and mining of said coal, ores, metals and minerals, and the preparation of the same for market and the removal of the same; and also the right of way, and the right to build roads of any description over the same, necessary for the convenient transportation of said coal and other minerals, metals and ores from said lands, and to conveying and transporting, to and from said lands, all materials and implements that may be of use in the mining and removal of said coal, ores, metals and minerals, in the preparation of the same for market; situated, lying and being in the county of Jefferson and State of Alabama."

On the 25th day of February, 1880, Shoemaker and wife, on a recited consideration of two hundred dollars paid, sold and conveyed to Miller all that part of said west half of the north-west quarter of section 19, township 17, range 3, west, lying south and east of Black creek, "excepting such mineral rights as have been conveyed to the Pratt Coal and Coke Company," described as being in Jefferson county, Alabama. And on the 26th day of the same month, Miller and wife, on a recited consideration of fourteen hundred dollars, sold and conveyed to the Pratt Coal and Coke Company, conjointly with another tract, the same interest Miller had acquired the day before from Shoemaker, and with the same description and local *situs*.

Testimony was offered by the appellee, and received, tending to show that, at the time of the execution of the deed of Philyear to Shoemaker, they both resided in Jefferson county, Alabama; that Philyear resided near the land in controversy, and had for several years prior to the execution of the deed claimed to own, and had cultivated about two acres of the same. The testimony further tended to show that, in March, 1851, or 1852, he, Shoemaker, took actual possession of the inclosed part of the land, though he never resided on it; that he cleared and fenced an additional two or more acres, and cultivated the cleared land until about 1871, claiming the whole land under Philyear's deed, and exercising acts of ownership over it; that after 1871 he did not cultivate the

land, but continued to pay taxes on it, and to claim it under Philyear's deed, and to exercise acts of ownership over it, up to the time he sold to Miller. Appellee's testimony tended further to show, that Miller took possession under his purchase from Shoemaker, and held possession under claim of right, until he sold to appellee. (This was only one day, unless the contract of purchase antedated the deed.) The testimony of appellee further tended to show, that it took possession of said lands under the deed from Miller, built houses thereon, claimed the same under said purchase, and has held it adversely, or under claim of independent right, down to the trial—November, 1887.

In rebuttal, appellant produced testimony tending to show, "that there had been no cultivation or occupation of any kind; that the places cultivated once had grown up with small trees, and since the year 1865, until the year when Miller and the Pratt Coal and Coke Company took possession under their deeds."

This last sentence, which is a copy, is not very clear. We suppose the meaning is, that since the year 1865 no one has cultivated the land, and it has been suffered to grow up in small trees. This then presented, at least, a disputed question of fact, as to the time when the land ceased to be cultivated.

This case is not controlled alone, or to any extent, by the statute of limitations of 1802, which provides twenty years as a bar to entry upon lands.—Clay's Dig. 327, § 83. The later statute approved February 7, 1843, governs this case. Clay's Dig. 329, § 93. Ten years is the bar prescribed by that statute. See, also, Codes, 1852, § 2476; 1867, § 2900; 1876, § 3225; 1886, § 2614. The act of 1843 gives to infants, &c., five years within which to sue, "after the termination of their disabilities to bring suits." The Codes reduce this *proviso* in favor of infants &c. to three years.—Code of 1852, § 2486; *Rawles v. Kennedy*, 23 Ala. 240; *Owen v. Slatter*, 26 Ala. 547. This five years, or three, as the case may be, is not necessarily an addition to the ten years prescribed by the statute. It enlarges the ten years only to the extent that may be necessary to secure to the demandant or suitor the five or three years, after he or she shall have attained to majority. If, during the ten years, he or she has had the five years of majority, then the period is not enlarged beyond the ten years. The statute is conformed to, if ten years have elapsed, and for five or three years, either as

part of them, or as addition to them in whole or in part, there has been no disability to sue.

Ten years of adverse holding, relieved of disability to sue for five or three of them, as the case may be, works a complete bar.—*Tayloe v. Dugger*, 66 Ala. 444. So, as we shall show hereafter, it is not important to inquire in this case, whether the proviso, or exception, on account of infancy, be five years, as prescribed by the act of 1843, or three years, as declared by the Code of 1852.

Another well recognized principle should be here stated. A party claiming the benefit of an exception or proviso in the statute of limitations, can only avail himself of the disability which existed when the right of action first accrued. He can not avail himself of a succession of disabilities. One disability can not be tacked upon another. Nor will interpretation engraft upon a statute exceptions which the legislature has failed to declare. When the statute begins to run, nothing less than a statutory exception intercepts it. 7 Wait's Act. & Def. 272, 276, 277; *Barclay v. Smith*, 66 Ala. 230; *Baker v. Barclift*, 76 Ala. 414.

The limitation applicable to this suit, as we have shown, must be the ten years statute of 1843—Clay's Dig. 329, § 93—or sections 2476, 2502 of the Code of 1852. It is not necessary we should decide which of these statutes governs; but, see *Collins v. Robinson*, 33 Ala. 91; Act to repeal section 2502 of the Code of 1852, Sess. Acts, 1853–4. p. 71; *Daniel v. Day*, 51 Ala. 431.

Another gap in the running of the statute of limitations affects this case. From January 11, 1861, to September 21, 1865—four years, eight months, and ten days—the statutes of limitations were suspended. That time must be deducted, in any computation covering that period, in which the time necessary to perfect the statutory bar is the subject of inquiry.—*Jones v. Nelson*, 51 Ala. 471; *Anderson v. Melear*, 56 Ala. 621. To perfect a bar in this case, there must have been a continuous adverse holding for fourteen years, eight months, and ten days.

According to the testimony in this case, Shoemaker took actual possession, and commenced cultivating the lands, at the latest, in March, 1852. Benjamin Black, father of plaintiff, attained his majority May 1, 1856. Against him the statute commenced running in March, 1852, and, no other obstacle intervening, the bar would have been perfect in 1862. He attained to adult manhood more than five

years before that time.   His death in 1864 was not, and can not be, a factor in the decision of this legal question. Robert L. Black can assert no rights which his father could not have asserted, if living.   But, before the bar of ten years was complete, the statute was suspended; and the bar could not become perfected until—say December 10, 1866. The fourteen years, eight months, and ten days, could not extend beyond that time.

The first exception reserved by appellant was to the introduction of the deed from Philyear to Shoemaker.   The objection was, that the description of the land being only by section, township and range, without stating the land district, or State and county in which the land lies, a case of patent ambiguity was presented, which the law would not allow to be explained, and that this rendered the deed void. Stated nakedly, as the objection presents it, it is amply sustained by authority.—*Comm'rs v. Tarver*, 25 Ala. 480; *Long v. Pace*, 42 Ala. 495, and many other authorities. But the description in the deed we are considering is not confined to a mere statement of section, township and range. Its language is, "all that part of the west half of the northwest quarter of section 19, township 17, range 3 west, that lies south of Black creek."   Now, while we judicially know that there are, and may be found in many government surveys, lands corresponding to the description, west half of north-west quarter of section 19, township 17, range 3 west, we do not and can not know judicially that they, or any two of them, are bisected by a stream known as "Black creek." This is a land mark, a natural boundary, which, as far as we can judicially know, distinguished this from all other tracts, with corresponding government numbers.   And it was within the pale of legitimate testimony to prove, as an identifying circumstance, that Black creek did flow across this particular subdivision of land.   This description of testimony was admissible, on the ground that proof of attendant facts and circumstances is admissible, as shedding light on the question of the intention with which a contract was entered into.   So, proof that the parties lived near the land; that before the deed was made Philyear claimed and cultivated it, and afterwards Shoemaker did likewise, were admissible circumstances to be considered on the inquiry of identity.   It was not the direct proof of intention, which, as an independent proposition, is not admissible.   It was the proof of antecedent, concomitant, and subsequent facts, to aid in arriving at the intention.

If it be objected that the present record does not inform us that any testimony was offered, tending to show that a stream, known as "Black Creek," flowed across the land; the answer is, that it is nowhere shown that the record contains all the evidence. In such case, the rule is to presume that there was evidence before the jury to justify the court's rulings, if such rulings would be correct on any state of legal proof.—1 Brick. Dig. 336–7, §§ 12, 23; 3 *Ib.* 110, § 54; *State v. Posey,* 79 Ala. 45. The Circuit Court did not err in receiving Philyear's deed in evidence, for it was not void on its face. Neither was there error in receiving testimony of attendant facts and circumstances.—*Chambers v. Ringstaff,* 69 Ala. 140; *Morris v. Robinson,* 80 Ala. 291; *Gaston v. Weir,* 84 Ala. 193; 2 Devlin on Deeds, § 1012, n. 3; *Long v. Wagoner,* 47 Mo. 178; *Clamorgan v. B. & St. L. Railway Co.,* 72 Mo. 139; *Clamorgan v. Hornsby,* 13 Mo. App. 550; *Harding v. Strong,* 42 Ill. 148; *Butler v. Davis,* Brown (Neb.) 521; *Richards v. Snider,* 11 Or. 197. Whenever the description is sufficient to enable a surveyor, on search and inquiry of facts, to ascertain and locate the land, this is a full answer to the charge of ambiguity.—2 Devlin on Deeds, § 1012, note 3; *Pennington v. Flock,* 93 Ind. 378; *Smiley v. Fries,* 104 Ill. 416. A surveyor, on inquiry of facts, could have located the lands involved in this suit.

It is certainly true that, to toll entry, or perfect title, which, by mere possession, will maintain or defeat an action of ejectment, the possession must be actual, public or notorious, adverse, or in independent right, and continuous. The adverse holder, however, need not reside on the premises, and need not cultivate the land. There must, however, be public or visible acts of ownership, such as a true owner and not a mere tenant exercises, and they must be such, or accompanied by such conduct, as indicates a holding in independent right. To constitute continuity of possession, it is not essential that one and the same person shall have been all the while the adverse holder. A succession of holders meets the requirement of the rule, if they succeed to the asserted rights of the preceding holder or occupant, as grantee or transferree succeeds to the rights of the grantor or transferror. Successive, independent trespasses do not come up to the rule.—*Coker v. Ferguson,* 70 Ala. 284; *Lipscomb v. McClellan,* 72 Ala. 151; *Dothard v. Denson, Ib.* 541; *Beard v. Ryan,* 78 Ala. 37; *Burks v. Mitchell, Ib.*

61; *Bernstein v. Humes, Ib.* 134; *Elliot v. Dycke, Ib.* 150; *Alexander v. Wheeler, Ib.* 167.

As we understand the appellee's testimony, it tends to show that Shoemaker took actual possession, and commenced cultivating the lands, at least as early as March, 1852, and that he continued to cultivate until 1871. His adverse holding, according to this, completed its ten years in December, 1867. The testimony on that side goes further, and tends to show that he continued to pay the taxes, and to exercise acts of ownership over the land, until he sold to Miller; that Miller then exercised acts of ownership, until he sold to the Pratt Coal and Coke Company; and that the latter then took possession, and exercised acts of ownership, until the trial in the court below. There was certainly enough testimony to go before the jury, on the inquiry of adverse holding, and its connection and continuity. Appellant's testimony differed from appellee's mainly in the length of time Shoemaker actually cultivated the cleared land. No special ruling was asked or given on the difference between the opposing lines of testimony, and we need not consider that feature of the case further.

We said above, that the statute of limitations of 1802— twenty years—has nothing to do with this case. There is, however, a presumption that any and all claims or rights of property, which have been permitted to slumber without assertion or recognition for twenty years, have no legal existence, or have been adjusted. And from the twenty years necessary to raise this presumption, the four years, eight months and ten days, allowed on account of the war, is not deducted. There is no suspension in the current of time, required to perfect this presumption.—*Phillippi v. Phillippi*, 61 Ala. 41; *Matthews v. McDade*, 72 Ala. 377.

Three charges were given to which appellant excepted, and two charges asked by him were refused, and an exception also reserved. In each case, however, the exception was general, and not to the charges separately. In this state of the record, unless all the rulings to which such general exception is reserved are faulty, nothing can be taken by the exception. Such have been our uniform rulings. *Bedwell v. Bedwell*, 77 Ala. 587; *E. T., Va. & Ga. R. R. Co. v. Cary*, 81 Ala. 159; *Phœnix Ins. Co. v. Moog, Ib.* 335; *Stevenson v. Moody*, 83 Ala. 418. Of the three charges given and excepted to, each and all are free from error, under the rules declared above. Of the two asked and re-

[Allison v. Little.]

fused we need not consider the first. The second is diametrically opposed to our interpretation of the deed from Philyear to Shoemaker, and was rightly refused.

There is no error in the record, and the judgment of the Circuit Court is affirmed.