# Walker *v.* The State.

## *Indictment for Murder.*

1. *Special venire in capital case; mistake in name of juror.*—A mistake in the initial letters of the christian name of one of the jurors specially summoned in a capital case, is not good cause for quashing the *venire.*

2. *Refusal of continuance; not revisable.*—An application for a continuance on account of the absence of a material witness, who has not been summoned, is addressed to the discretion of the court, and its refusal is not revisable.

3. *Service of copy of indictment and list of jury.*—In a capital case, when the record shows a proper order for service of a copy of the indictment and a list of the jury on the defendant (Code § 4449), compliance with the order will be presumed by this court, in the absence ·of objection in the court below on the ground of non-compliance.

4. *Exclusion of evidence cured by subsequent admission.*—If evidence is erroneously excluded when first offered, the error is cured by its admission at a subsequent stage of the trial.

5. *Proof of character.*—On a prosecution for murder, the defendant's good character can not be proved by evidence of particular facts and circumstances—as "that the white people all liked him, and considered him the white man's friend;" "that he was always called on when a bad negro had to be arrested, and always faithfully performed his duty;" "that he protected Mrs. M. on one occasion, when a number of negroes threatened her life," &c.

6. *Insanity as defense; how pleaded.*—By statutory provision (Sess. Acts 1888-9, p. 742), the defense of insanity in a criminal case is required to be specially pleaded, and is not available under the general plea of not guilty; and when the special plea has not been interposed at any stage of the trial, the court may refuse to allow counsel to argue it to the jury, as though presented by the pleadings and evidence.

7. *Emotional insanity,* as a defense against a criminal charge, is not recognized in our jurisprudence.

8. *Ignorance of law* is no excuse for a criminal act, since all men are presumed to know the law; and the court may instruct the jury, that the law is administered on that hypothesis.

9. *Charges refused, not shown to have been in writing* (Code, § 2756), will be presumed to have been refused on that account.

10. *General exception to refusal of charges.*—When several charges are asked and refused, and the bill of exceptions recites that the defendant "duly excepted to the refusal of said charges," this shows ·only a general exception, and can not avail on error if any one of the charges was properly refused.

11. *Drunkenness as excusing or mitigating homicide.*—Drunkenness may, in extreme cases, reduce the degree of a homicide; "but, to have this effect, it must be so excessive as to paralyze the mental faculties, and render the accused incapable of forming or entertaining the design to take life."

12. *New trial; refusal not revisable.*—An application for a new trial

[Walker v. The State.]

is addressed to the discretion of the trial court, and its refusal is not revisable on error or appeal.

13. *Motion in arrest of judgment*, founded on matters *dehors* the record, is properly overruled.

FROM the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The defendant in this case, Tom Walker, a negro, was indicted for the murder of William Cottrell, another negro, by shooting him with a pistol; was convicted of murder in the first degree, and sentenced to death; but, since the affirmance of the judgment by this court, his sentence has been commuted to imprisonment for life. Before entering on the trial, the defendant "moved to quash the *venire*, on the ground that the name of *F. M. May* appeared there as one of the jurors drawn for this case, who was described as a clerk living in beat 2 in said county, and the sheriff's return showed that *F. M. May* was not found; and defendant's counsel thereupon stated to the court, that he was informed there was no such man as *F. M. May* living in said beat or county, but there was a man living in said beat by the name of *F. T. May*, who was a clerk. There being no other evidence in reference to this matter, the court refused to quash the *venire;* to which ruling the defendant duly excepted. The defendant then stated that he was not ready for trial, and asked a continuance until the next term of the court; and stated to the court, through his counsel, that a witness was absent whose testimony he considered material, but did not know his name, nor where he resided that he expected to prove by said witness, who was a clerk in a bar-room in Uniontown at the time, that he sold whiskey to the defendant on the day of the homicide; that he expected to have the testimony of said witness by the next term, and was not informed of its materiality until the day the motion was made. It being made to appear to the court that said witness had not been summoned, and no effort had been made to obtain his testimony, the court refused to grant a continuance, and the defendant duly excepted." The bill of exceptions states, also, that the jury was completed without exhausting the *venire*.

The evidence adduced on the trial showed that the homicide was committed on the evening of December 13th, 1889, at the store of one Ivey Cottrell, a brother of the deceased, which was three or four miles from Uniontown; that the parties had always been friendly, but a dispute had arisen between them about a borrowed gun, which the deceased claimed was broken by the defendant, on account of which he had a "warrant of arrest," as it is called, issued against the defendant; that the

defendant was arrested by a constable on that evening, and went with his permission to Uniontown, promising to go before the justice on his return; that on his return, refusing to go to the justice's court, he stopped at Cottrell's store, where the deceased was standing in the door, smoking a pipe; that some words passed between them in reference to the gun, the defendant declaring that he would not pay anything on account of it, stating his intention to start to Louisiana that night, and then adding, "Good-bye, old boy, shake hands with me;" that the deceased extended his right hand, which the defendant seized with his left, while he drew a pistol from his pocket and fired, killing the deceased instantly. The defendant escaped, but was arrested in Louisiana some months afterwards, and brought back.

The defendant reserved numerous exceptions to rulings on evidence, principally in reference to the proof of character, which require no particular notice; nor is it necessary to state the evidence in detail bearing on the questions of the defendant's drunkenness or insanity, as presented by the charges asked and refused, which were: (1.) "If the defendant was drunk when the homicide was committed, the jury could not return a verdict of murder in the first degree, unless the drunkenness was entered into for the express purpose of committing murder, and said purpose was in rational existence at the time of the homicide." (2.) "If, while the defendant's mind was wrought up by circumstances reasonable or unreasonable, intrinsic or extrinsic, to any point of disease beyond the point of sanity, intoxication by whiskey caused him to commit the homicide, he is not guilty." (3.) "If the jury believe there is reasonable probability of the defendant's insanity, they can not return a verdict of guilty." (4.) "The degree of insanity, and the duration of its existence before the commission of the homicide, are immaterial; and the jury must return a verdict of acquittal, provided said insanity amounted to a disease, of whatever diminutive proportions." (5.) "A doubt of the undiseased sanity of defendant, preponderating over a belief in the same, should secure a verdict of acquittal." (6.) "If, at the time of the commission of the homicide, the defendant's will and reason were led captive, and completely emancipated from his control (whether their mere impotent existence remained with him or not), by whatsoever cause superinduced, then a verdict of murder in the first degree can not be rendered." (7.) "Where there is a probability from the evidence that the defendant was drunk, a verdict of murder in the first degree can not be returned; and the jury must exercise their own discretion in determining whether or not there is such a prob-

ability." The bill of exceptions adds: "Defendant's counsel duly excepted to refusal of said charges."

Other exceptions were reserved by the defendant, as shown by the opinion of this court.

S. A. HOBSON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The alleged mistake in the name of May, who was drawn as one of the special jurors for the trial of this case, which is made the ground of the motion to quash the *venire*, is unsupported by any evidence; and even had it been proved, it would not have authorized or justified the action invoked by the motion.—*Gibson v. State*, 89 Ala. 121.

Application for a continuance, on the ground of the absence of material witnesses, is addressed to the discretion of the trial court; and its action thereon is not revisable.—*DeArman v. State*, 77 Ala. 101.

The failure of the record to affirmatively show the service of a copy of the indictment and of the special *venire* on the defendant, one entire day before the trial, in accordance with the order of the court in that regard, can not avail the appellant. This court will presume compliance with the order, in the absence of objection in the court below, founded on the want of it.—*Clark v. State*, 78 Ala. 474; *Breden v. State*, 88 Ala. 20.

We are unable to conceive that the fact that the defendant "had credit" at the store of Ivey Cottrell, a brother of the deceased, was at all relevant to any issue in this cause. Conceding its pertinency, the error of original exclusion of evidence of the fact was cured by its subsequent admission.—*Cleveland v. State*, 86 Ala. 1.

The principles of law applicable to the admission of evidence of character have been so fully and frequently declared by this court in the recent past, that we shall not attempt another formulation and statement of them here. Under those principles, the action of the trial court in excluding evidence offered by the defendant, to the end of showing his good character, of the facts that "the white people all liked him, and considered him the white man's friend;" that "he was a white man's negro;" that "he was a friend to the witness, and respected white men like I [the witness] have known no other darkey to do, and all the white people around where we were were his friends;" that "it had been said he had saved the life of Mrs. Cooper's husband;" that "when a

bad negro had to be arrested, Tom Walker was always called upon, and always faithfully performed his duty;" and that "on one occasion he protected Mrs. Miller, when a number of negroes threatened her life," &c., &c., was so palpably correct as neither to need or admit of discussion in support of it. *Moulton v. State*, 88 Ala. 116, and authorities there cited; *Hawes v. State, Ib.* 37; *Holmes v. State, Ib.* 26; *Smith v. State, Ib.* 73; *Morgan v. State, Ib.* 223; *King v. State*, 89 Ala. 146.

Nor was the fact that one Tom Walker came to the assistance of Mrs. Miller "when she was threatened or disturbed by a number of negroes" admissible as tending to identify him with the defendant. The record fails to disclose that any question was raised on the trial, as to the man whose character was deposed to by this witness being identical with the defendant; and if such question had been raised, the fact sought to be adduced on this theory had no tendency toward its solution.

Section 4 of the act of February 27, 1889, "in relation to criminal insane persons, who are charged by indictment with murder and other high crimes," provides, "that in prosecutions for the offenses named in section two of this act, where the defense of insanity is set up, it shall be interposed by special plea at the time of his arraignment, which, in substance, shall be, 'not guilty by reason of insanity;' which plea shall be entered of record upon the docket of the trial court. Such plea shall not preclude the usual plea of the general issue, which shall not, however, put in issue the question of the irresponsibility of the accused by reason of his alleged insanity, this question being triable only under the special plea." Succeeding sections provide for a special verdict, if the jury find that the defendant committed the act charged, but was at the time insane, and for the confinement of the accused, in such event, in the Insane Hospital, until discharged therefrom in the manner pointed out in the act. Acts 1888-9, pp. 742 *et seq.* "The leading purpose of the statute was to separate, as far as possible, the two issues presented by the pleas of 'not guilty,' and 'not guilty by reason of insanity,' and to have the proof directed to these issues respectively, and the verdict respond to them separately." *Maxwell v. State*, 89 Ala. 150, 165. And to this end, it has expressly provided, that the question of a defendant's insanity is triable only under the special plea of "not guilty by reason of insanity." While it may be, that trial courts, leaning to the side of mercy, and exercising a liberal discretion in respect to the time of filing pleas, would in a proper case be

[Walker v. The State.]

justified in allowing the interposition of this special plea at any time during the progress of the cause, taking care that the State's right to meet the new phase of the case thus presented should not be prejudiced, and this though the law requires the plea to be filed at the time of arraignment; yet, unless the plea is in fact interposed at some stage of the trial, there can be no inquiry into, or discussion of the question of sanity *vel non*. There is no constitutional provision, which the statute, or this necessary construction of it, in our opinion contravenes.

The special plea was not interposed in this case at all, nor offered to be interposed. There was, therefore, no issue before the jury to which the proposed argument of counsel on the subject of insanity could be addressed. Moreover, we find in this record no evidence going to such issue, had it been formulated. Not only so, but the argument which was arrested by the court, as being a needless consumption of time, the bill of exceptions expressly states, was proceeding on the theory, that what is termed emotional insanity would constitute a defense to the charge, a theory which finds no justification or support in our jurisprudence.—*Boswell v. State*, 63 Ala. 307; *Parsons v. State*, 81 Ala. 517. The court properly refused to allow this line of argument to be pursued, since no possible conviction in the minds of jurors resulting from it could have been of any advantage to the defendant.

No legal proposition is perhaps oftener stated, or more universally applied in the administration of justice, than that all men are presumed to know the law, and the resulting correlative proposition, that ignorance of law can be no excuse for any act done. We have not before known of either statement being questioned as an unsound legal exposition, nor can we conceive any possible error, or tendency to mislead, in the statement of the same general principle in the charge of the court, that "the law is administered on the hypothesis that every person knows the laws." The exception reserved thereto is without merit.

A number of special charges were asked by the defendant, of which those numbered 1, 2, 3, 4, 5, 6, and 7 were refused. The bill of exceptions sets forth that defendant's counsel "duly excepted to refusal of said charges." It does not appear that these charges were in writing, and the presumption will be indulged here that they were not, and that the court's action in respect to them properly proceeded on that ground. *Crosby v. Hutchinson*, 53 Ala. 5; *Wheelis v. Rhodes*, 70 Ala. 419; *Winslow v. State*, 76 Ala. 42; *Ricketts v. B. S. Railway Co.*, 85 Ala. 600. Moreover, the exception reserved was

[Walker v. The State.]

a general one, and, conceding that the requests for these in-
structions were in writing, it will not avail the defendant,
unless each one of the several charges was a sound exposition
of a principle of law applicable to the issues presented in the
case. Those numbered 2, 3, 4 and 5 were on the subject of
insanity, and if abstractly correct, which we need not decide,
were yet properly refused on considerations to which we have
already adverted, as having no bearing upon any issue before
the jury; and upon this ground alone might be rested our
conclusion, that the exception to the court's action on all the
special charges is untenable.—3 Brick. Dig. 80; *McGehee v.
State*, 52 Ala. 224; *Bedwell v. Bedwell*, 77 Ala. 587; *Steven-
son v. Moody*, 83 Ala. 418; *Black v. Pratt Coal & Coke Co.*,
85 Ala. 511; *Goley v. State*, 87 Ala. 57; *Dick v. State, Ib.*
61; *Adams v. State, Ib.* 89; *Kirby v. State*, 89 Ala. 71.

But, aside from this, the others of these special charges num-
bered 1, 6 and 7, are intrinsically bad, in that they assume
that mere drunkenness, whether to insensibility or not, has
the effect of reducing a homicide from murder in the first
degree to a lower grade of the offense. The true rule in this
regard, as often reiterated by this court, is, that inebriety
which may in extreme cases have this effect, must be so ex-
cessive as to paralyze the mental faculties, and render the ac-
cused incapable of forming or entertaining the design to take
life. Mere drunkenness, voluntarily produced, is never a
defense against a criminal charge, and can never palliate or
reduce the grade of an offense, unless it is so extreme as to
render impossible some specific mental condition which is an
essential element of the criminal act.—*Mooney v. State*,
33 Ala. 419; *Ford v. State*, 71 Ala. 385; *Morrison v. State*,
84 Ala. 405; *King v. State*, 90 Ala. 612.

It has been very many times ruled, that the action of trial
courts in overruling applications for new trials will not be
reviewed in this court.—*Trammell v. Vane*, 62 Ala. 301;
*Tyree v. Parham*, 66 Ala. 424; *Bedwell v. Bedwell*, 77 Ala.
587; *Johnson v. State*, 87 Ala. 39; *Cooper v. State*, 88 Ala.
107; *Daniels v. State*, 88 Ala. 220.

The application for a new trial being denied, it was refiled
as a motion in arrest of judgment. This motion was predi-
cated on facts which did not appear of record in the court
below (except with respect to one or two matters, which we
have already considered in other connections, and found to
involve no error), and on this ground alone was properly over-
ruled.—*Sparks v. State*, 59 Ala. 82; *Brown v. State*, 52 Ala.
345; *Blount v. State*, 49 Ala. 381; *Cooper v. State*, 88 Ala.
107.

There is no error in the record, and the judgment of the Circuit Court is affirmed.

The day fixed by the trial court for the execution of the sentence pronounced against the defendant having passed, it is here ordered and adjudged, that on Friday, the 20th day of March, 1891, the sheriff of Hale county will execute the sentence of the law, by hanging the defendant, the said Tom Walker, by the neck until he is dead, in obedience to the judgment and sentence of the Circuit Court of Hale county, as herein affirmed.