(123 So. 288)

PIPPIN v. STATE. (8 Div. 853.)

Court of Appeals of Alabama. June 25, 1929.

the plea of not guilty by reason of insanity, and theoretically should not have been considered on the issue raised by the plea of not guilty, but merely as it affected the sanity of defendant at the time of the homicide. But judged by the admissions of the defendant, which in themselves constituted murder in the highest degree, we are constrained to believe that the jury did not believe the defendant was insane, as insisted by appellant's counsel, but with a sympathy for a father, torn by natural emotions and passion, on account of the brutal treatment of a favored daughter, the details of which are so horrible that we do not here record them, the jury went to the extreme limits of their consciences to "temper justice with mercy."

We have examined each exception reserved by defendant to the admission of evidence. The rulings of the court in each instance were free from error.

We know of no rule, and the defendant's counsel have cited us to none, which would prevent the solicitor from asking a defendant's witness on cross-examination if she had not at a certain time and place and in the presence of certain parties made a certain statement relating to the issues then being tried, whether the party to whom the statement was supposed to be made is present as a witness or not.

Those written charges requested by defendant and refused by the court, which seek instructions from the trial court to the jury that a reasonable doubt of defendant's sanity at the time of the homicide would entitle defendant to an acquittal, were all properly refused. The plea of not guilty and not guilty by reason of insanity present two separate and distinct issues, and the Statute, Code 1923, § 4574, has for its leading purpose the separation of these two issues and to have the verdict to respond to them separately. Walker v. State, 91 Ala. 76, 9 So. 87. When the plea of not guilty by reason of insanity is interposed, it is not for the purpose of permitting evidence which will tend to raise a reasonable doubt under the plea of not guilty, but by express statute shall be *clearly* proven to the reasonable satisfaction of the jury, as a separate issue. Code 1923, § 4572.

Those written charges requested by defendant, and refused by the court, which predicate a finding for defendant on the issue of not guilty by reason of insanity, are not within the rule laid down and well recognized in this state, notably in Parsons Case, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193; Howard's Case, 172 Ala. 402, 55 So. 255, 34 L. R. A. (N. S.) 990; and Douglass' Case, 21 Ala. App. 289, 107 So. 791. We feel that we may say without any impropriety that there was evidence tending to show that the defendant

Williams & Chenault, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The admitted facts in this case on the plea of not guilty disclose a willful, deliberate, malicious, and premeditated killing, within the meaning of section 4454 of the Code of 1923, and this is conceded in appellant's brief. The jury, as was their right, taking into consideration, as we believe, the facts and circumstances conveyed to defendant, the wrongs and outrage committed on his baby girl, by or with the consent of the deceased, who was her husband and should have been her protector, found the defendant guilty of murder in the second degree and fixed his punishment at imprisonment in the penitentiary for a term of ten years.

The details of the outrage committed on defendant's daughter were admitted under

was not in his normal mind at the time of the killing, but no verdict in agreement with the great weight of the evidence could have found anything more to the point than an outraged father emotionally insane, whose mind was inflamed by wrongs to his daughter, all of which has no recognition in the law of this state as an excuse for crime. Hall v. State, 208 Ala. 199, 94 So. 59.

If the defendant finds hope for relief from the punishment which the law must impose, it must be in a mercy which is an attribute of another department of the government over which we have no control.

There is no error in the record, and the judgment is affirmed.

Affirmed.